No. 9294.

PASSINI v. THE INDUSTRIAL COMMISSION OF COLORADO ET AL.

1. INDUSTRIAL COMMISSION—*Review of by Supreme Court*, extends only to the questions of law (Laws 1915, c. 179, sec. 83). The Court considers only the legal question whether there is evidence to support the finding; not whether the Commission misconstrued its probative effect.

2. —— *Rehearing—Proceedings upon Construed.* One claiming compensation for an injury, under the statute, was heard twice by the Commission, and variant orders were made. At a later hearing, entirely new issues were presented. Testimony relating to a new malady, alleged to have recently developed as a result of the accident, was heard. The proceedings were in effect a new trial upon all the issues, and the findings were adverse to the claimant. It was held that the District Court was without jurisdiction to review the action of the Commission, until the claimant had first petitioned for a rehearing, as required by secs. 69, 77, of the act.

*Error to Denver District Court, Hon. John I. Mullins, Judge.*

Mr. GEORGE ALLAN SMITH, for plaintiff in error.

Mr. HENRY A. DUBBS, Mr. HENRY C. VIDAL, for the American Smelting & Refining Company.

Hon. LESLIE E. HUBBARD, attorney general; Mr. JOHN L. SCHWEIGERT, assistant attorney general, for the Industrial Commission, for defendants in error.

Mr. Justice Bailey delivered the opinion of the court:

THIS case is here on writ of error to review a judgment of the District Court sustaining a demurrer to the complaint in an appeal from the findings of The State Industrial Commission.

The claimant was injured in May, 1916, by falling from a platform. From the time of the injury until the hearing before the Commission he had received compensation from,

and had been cared for and received medical attention through, the defendant, The American Smelting & Refining Company, in whose employment he was when injured. On December 8th, 1916, he was awarded compensation to January 5th, 1917, by the Commission. At that time his injuries were found to consist of a bruised shoulder, and traumatic neurosis, which latter was held to be the proximate result of the accident. On February 16th, 1917, the case was reopened by the Commission, for the purpose of determining the extent of other alleged disabilities. The defendant company denied further liability, but expressed willingness to provide additional treatment. It was thereupon ordered by the Commission that if claimant would subject himself to medical and hospital treatment, he should be awarded compensation from and after January 5th, 1917. But should he fail and refuse to avail himself of the proposed treatment, that the original order, denying compensation after such date, should stand.

On April 7th, 1917, he filed a petition for rehearing, which was denied. On May 19th he filed another petition for rehearing, which was granted, and on June 11th, after what was, to all intents and purposes, a primary or original trial, the Commission set aside the February award, and affirmed the award of December 8th. Without applying for a new trial, he brought action in the District Court, where his complaint was dismissed on demurrer, and the findings and award of the Commission sustained.

In considering questions arising out of the sufficiency of the evidence which supports the award, it must be borne in mind that the court is expressly bound by statute. Section 83, chapter 179, Laws 1915, is as follows:

"The Commission, or any party who may consider himself aggrieved by a judgment entered upon a review of any such finding, order or award, may have questions of law only reviewed by the Supreme Court."

This court may consider only the legal question of whether there is evidence to support the findings, and not whether the Commission has misconstrued its probative

effect. The award is conclusive upon all matters of fact properly in dispute before the Commission, where supported by evidence, or reasonable inference to be drawn therefrom. *Papinaw v. Grand Trunk Ry. Co.*, 189 Mich. 441, 155 N. W. 545; *Redfield v. Michigan Ins. Co.*, 183 Mich. 633, 150 N. W. 362; *William Ruhr Co. v. Industrial Com.*, (Wis.) 163 N. W. 646; *In re Von Ette*, 223 Mass. 56, 111 N. E. 696, L. R. A. 1916 D. 641; *Oniji v. Studebaker Corp.*, 196 Mich. 397, 163 N. W. 23; Hernold on Workmen's Compensation, sec. 242.

So far as the merits of the case are concerned, there is nothing in the record upon which the findings of the Commission may be properly set aside. It appears, however, that the District Court sustained the demurrer to the complaint on the ground that claimant failed to follow the statute in perfecting his appeal. The first finding and award, that of December 8th, 1916, provided for compensation to January 5th, 1917, and by it the Commission in effect found that claimant was disabled and that he probably would remain so until that date. It is urged that the Commission had no power thus arbitrarily to fix the date of the recovery of the claimant, but we are not called upon to pass upon this question, for the reason that the case was reopened, presumably for the very purpose of ascertaining whether there was a change in claimant's condition. After the hearing of February 16th, it was ordered that claimant receive hospital treatment tendered by the defendant company, and "if not accepted by the claimant, shall be in full discharge of all liability of the respondent." On June 11th a new finding and award was made and entered, setting aside the February award and affirming that of December 8th.

At the hearing upon which the award of June 11th is based, entirely new issues, as well as the old ones, were before the Commission, and full consideration was given to both. That hearing can in no sense be considered a mere review of former findings. More testimony was then taken than at any previous hearing, some of which related to an

entirely new malady, alleged to have recently developed as a result of the accident, and the proceedings were, as stated above, practically a new trial. Upon all of the issues, new and old, the findings were adverse to the claimant. The District Court was therefore without jurisdiction to review the actions of the Commission, until the claimant had first petitioned it for a rehearing, as provided by section 69 of the Act. Failure to petition for a rehearing brings the claimant within section 77, which provides:

"No action * * * to set aside a finding, order or award of the Commission * * * shall be brought unless the plaintiff shall have first applied to the Commission for a rehearing thereof, as provided by this Act."

The purpose of the Act is to confine the settlement of compensation cases to the Commission itself, so far as is consistent with justice. It is clear that the legislative intent was that the Commission should be given an opportunity to review its own findings, before permitting claimants, or other dissatisfied persons, to resort to the courts.

In the case at bar the claimant failed to avail himself of his right to petition for a rehearing before he appealed to the District Court, and for this reason the appeal was incompetent and futile. The judgment of the District Court must therefore be affirmed.

Judgment affirmed.

Decision *en banc.*

Mr. Justice Scott not participating.