### No. 9403.

#### STACKS *v.* THE INDUSTRIAL COMMISSION ET AL.

1. INDUSTRIAL COMMISSION—*Action to Vacate Award or Finding.* Under sec. 77 of the Workman's Compensation Act (Laws 1915 c. 179) no action lies to vacate or amend a finding or award of the commission unless the party complaining has first applied to it for a rehearing.

Refusal of the commission to hear oral argument, after an order made, is not sufficient to support an action to vacate such order.

2. ESTOPPEL—*To Deny Jurisdiction.* The defendant to an action cannot be estopped to deny the existence of a fact, which under the statute, is a prerequisite to jurisdiction.

*Error to Denver District Court, Hon. Julian H. Moore, Judge.*

Mr. GEORGE F. DUNKLE, Mr. EDWARD V. DUNKLE, for plaintiff in error.

Mr. LESLIE E. HUBBARD, Attorney General, Mr. JOHN L. SCHWEIGERT, Assistant Attorney General, Mr. D. L. WEBB, for defendants in error.

Opinion by Mr. Justice Allen.

IN July, 1916, the plaintiff in error, as claimant filed with the Industrial Commission a claim for compensation.

After hearing had been had, and on January 11, 1917, the commission made its findings and award in favor of the claimant. On February 7, 1917, The Dillon-Box Iron Works Company and The Globe Indemnity Company, being the employer, and the insurance company, respectively concerned in or affected by the proceedings, filed a petition for a rehearing which was thereafter. granted by the commission.

On March 12, 1917, the Industrial Commission conducted a second hearing, pursuant to the provisions of the Workmen's Compensation Act, upon the claim of the plaintiff in error for compensation. As a result of this hearing the commission, on May 10, 1917, made its finding and order whereby it denied compensation to the claimant.

On June 26, 1917, the plaintiff in error, claimant before the commission, filed her complaint in the District Court of the City and County of Denver, seeking to set aside the commission's finding and order of May 10, 1917, and to recover compensation under the Workmen's Compensation Act, claimed to be due her as dependent of a deceased workman or employee, whose death is alleged to have been proximately caused by injuries received in the course of his employment.

To the complaint the Industrial Commission as defendant filed an answer wherein it included a demurrer, set up the fact, and alleged, "That no petition for re-hearing on behalf of the plaintiff herein, and the claimant before the Commission, was filed within the time allowed by the statute."

The defendant employer and the defendant insurer filed their joint demurrer, wherein it is alleged that the amended complaint "shows upon its face that no petition for rehearing, verified or otherwise, on behalf of the plaintiff herein, being the claimant before the Commission, was filed within the time allowed and required by the statute."

The trial court sustained the demurrers. The case is now here on writ of error, and the principal question presented by the record is the propriety of the District Court's ruling upon the demurrers. If the demurrer was properly

sustained, all other questions discussed in the briefs become immaterial.

The record shows, and the fact is not disputed, that the plaintiff below had, at no time after the Commission made its finding and order of May 10, 1917, filed with the commission a petition for rehearing as provided by section 69 of the act.

The situation thus far presented in this opinion is controlled by the case of *Passini v. Industrial Commission et al.* (No. 9294) 171 Pac. 369, recently decided by this court, holding that the District Court is without jurisdiction to review the actions of the commission until the claimant shall have first petitioned it for a rehearing as provided by section 69 of the Workmen's Compensation Act, and that an appeal taken from the commission, by a claimant who had not filed such a petition for a rehearing is "incompetent and futile."

Counsel for plaintiff in error, the claimant below, argues, however, that the *Passini* case does not apply to the facts in the instant case, as contained in the allegations of the amended complaint. Counsel base their argument upon principles of estoppel, and claim that the Industrial Commission is estopped from taking advantage of the fact that claimant had not filed any petition for a rehearing.

The amended complaint alleges that on June 22, 1917, the plaintiff claimant made a written request of the commission to "be permitted to argue orally the matters and things brought out at the hearing" on March 12, 1917; that the Commission on the same day decided, and notified the plaintiff "that under the law this Commission has not the power to grant successive rehearings, nor to grant an oral argument at this time;" and that the claimant "relying upon said decision" commenced this action by filing her complaint in the District Court.

The facts thus alleged in the amended complaint in no way and to no extent take this case out of the rule followed in the *Passini* case. No facts are alleged which show that the commission treated the request for an oral argument as an application for a second rehearing, and we do

not concede that such showing would have been material if made. If it be assumed that the amended complaint shows that the plaintiff failed to file a petition for rehearing because "relying upon said decision of the Commission that successive rehearings could not be granted," this fact does not affect the result.

The principles of estoppel, mentioned in the brief of the plaintiff in error, have no application in the case at bar. No rule in equity can be invoked to invest the District Court with jurisdiction in this case or to avoid the necessity for a strict compliance with section 77 of the act which provides that:

"No action, proceeding or suit to set aside, vacate or amend any finding, order or award of the Commission, * * * shall be brought unless the plaintiff shall have first applied to the Commission for a hearing as provided in this act."

Jurisdiction of the subject matter cannot be based on an estoppel of a party to deny that it exists. 15 C. J. 809. A party is not estopped from denying the existence of a fact which the law requires to appear in the case as a prerequisite to entitle the claimant to appeal and in order to give the District Court jurisdiction over the subject matter. Section 77 of the act, above quoted, is explicit, and it is clear that the District Court could acquire no jurisdiction over the subject matter unless the fact appeared in the record that the petitioner had made application to the commission for a rehearing, in formal procedure and within the time provided by the act. When the record of the case shows that no petition for a rehearing had been filed, which is equivalent to showing the absence of a fact, that confers jurisdiction upon the district court in such a case, there is no rule in equity which would estop the defendants from asserting that such jurisdictional fact did not exist or prevent them from urging or showing the want of jurisdiction.

The right of appeal is statutory, and a party desiring to avail himself of such privilege must comply with the statute in that regard. In the instant case the plaintiff failed to avail herself of her right to petition the commission for

a rehearing before she appealed to the District Court, and, as said in the *Passini* case, "for this reason the appeal was incompetent and futile."

The demurrers were properly sustained, and the judgment therefore affirmed.

*Affirmed.*

Chief Justice Hill and Mr. Justice Bailey concur.