## No. 9829.

### THE MIDGET CONSOLIDATED GOLD MINING CO. ET AL. *v.* THE INDUSTRIAL COMMISSION, ET AL.

Decided November 8, 1920.

Action in the district court to review an award of the Industrial Commission. Award affirmed.

### *Reversed.*

1. WORKMEN'S COMPENSATION—*Industrial Commission—Practice.* A suit cannot be maintained in the district court to review the action of the Industrial Commission, where the plaintiff has failed to petition the commission for a review under the provisions of secs. 97 and 98, chap. 210, S. L. 1919.

2. EVIDENCE—*Presumptions.* Parties are presumed to know the law and neglect, discourtesy or inefficiency on the part of the Industrial Commission, if there be such, cannot relieve them of this presumption nor from the necessity of complying with the statute.

3. WORKMEN'S COMPENSATION—*Procedure.* Where it appears on the trial of a cause brought in the district court to review an award of the Industrial Commission, that no petition for a review was filed with the commission before bringing the action, the proper procedure is to dismiss the suit.

4. APPEAL AND ERROR. Questions not involved in the matter before the *nisi prius* court will not be considered on review of an Industrial Commission case here.

*Error to the District Court of the City and County of Denver, Hon. Charles C. Butler, Judge.*

Mr. BOSWELL F. REED, Mr. ROBERT W. STEELE, JR., for plaintiffs in error.

Mr. VICTOR E. KEYES, Attorney General, Mr. JOHN S. FINE, Assistant, Mr. H. E. CURRAN, for defendants in error.

*Department Two.*

MR. JUSTICE DENISON delivered the opinion of the court.

THIS case is brought here on error to the district court of Denver, which upon a writ of review to The Industrial Commission affirmed the commission's award.

Mariellan Mishey instituted proceedings before the Industrial Commission to get compensation from plaintiffs in error for the death of her husband, Calvin H. Mishey, and on October 8, 1919, was awarded $2500.

One Doepke was acting in the matter for the plaintiffs in error. On October 9th, at Cripple Creek, he received notice of the award and under date of October 10 wrote to the commission at Denver asking "the number of days which the law permits me to file an appeal." The commission appears not to have received this till October 16th. They replied October 21st, enclosing blanks for a petition for review, saying: "Petition for review should be filed within ten days from the date of the referee's award."

The court held that their suit could not be maintained because the petition for review was not filed within the ten days provided by statute. In this the court was right, following §§ 97, 98, Chap. 210 Laws of 1919 and *Passini v. Ind. Com.*, 64 Colo. 349, 171 Pac. 369, and *Stacks v. Ind. Com.*, 65 Colo. 20, 170 Pac. 588, which hold that without an application to the Commission for review no case can be reviewed by the district court.

Doepke and the other plaintiffs in error are presumed to know the law. They could actually have known it within a few hours without writing to Denver. Neglect, discourtesy or inefficiency on the part of the commission, if there was such, cannot relieve them from this presumption nor from the necessity of compliance with the statute.

The court, however, affirmed the award of the commission. We think it should have dismissed the suit. Section 98 above cited provides:

"No action, proceeding or suit to set aside, vacate or amend any finding, order or award of the commission or referee * * * shall be brought unless the plaintiff shall

have first applied to the commission for a review as herein provided."

No application for review having been made to the commission within ten days prescribed by § 97, the suit in the district court was unlawfully brought and we think the district court rightly so decided and in consequence thereof that court could do nothing then but send the plaintiffs out of court.

It is strongly urged that we ought to determine the question whether the commission had jurisdiction because the claim is made that under the circumstances of this case the parties were not within the terms of the Workmen's Compensation Act, that consequently the Industrial Commission had no jurisdiction over the matter and that therefore we should set aside the action of the commission as void.

This argument is unsound. The question before us is whether the judgment of the district court was right. It follows from what has been said above that neither the question of the jurisdiction of the commission nor any other question was before the court below, and if not before that court then not before this court.

We think the case should be remanded with directions to dismiss the case without affirmance, thus leaving the award standing.

Reversed and remanded with directions.

MR. JUSTICE BAILEY and MR. JUSTICE TELLER concur.