## No. 11,408.

CARLSON *v.* INDUSTRIAL COMMISSION, ET AL.

Decided March 1, 1926.

Proceeding under the Workmen's Compensation Act. Judgment for defendants.

### *Affirmed.*

1. WORKMEN'S COMPENSATION—*Award of Referee—Review.* In a workmen's compensation case, an order and award of the referee is to be considered final unless a petition for review is filed.

2. *Award of Commission—Petition for Review.* Where a workmen's compensation case is heard by a referee, who, on petition for a review of his award refers the entire matter to the commission, it is held that no action can be brought in court to set aside the award of the latter, unless an application for a review of its award is also duly filed.

*Error to the District Court of the City and County of Denver, Hon. Julian H. Moore, Judge.*

Mr. LOUIS P. ERNY, Mr. EVERETT BELL, for plaintiff in error.

Mr. FRED FARRAR, Mr. WENDELL STEPHENS, for defendants in error.

*Department Two.*

MR. CHIEF JUSTICE ALLEN delivered the opinion of the court.

THIS writ has been sued out to review the proceedings in the district court of the City and County of Denver which resulted in a judgment for defendants, following the sustaining of their demurrer to the plaintiff's complaint. The action is one to set aside an award of the Industrial Commission, which denied compensation to the claimant, the plaintiff below, plaintiff in error here.

The sole question presented by the record for our determination is whether an application for review must first be made to the Commission before an action to review the award may be brought, in a case first heard by the referee and where a petition for review had been duly filed after the award of the referee, and where the referee thereafter referred the entire case to the Commission.

In the instant case, a hearing was first had before the referee of the Industrial Commission. The referee made an order denying compensation. Section 95 of the act of 1919, as amended by chapter 203, S. L. 1923 (p. 755), provides that "said order shall be the final award of the Commission, unless a petition for review is filed."

The claimant filed such petition for review, and under section 97 of the act of 1919, as amended by section 6, chapter 203, S. L. 1923 (p. 757), the referee may, in that case, "refer the entire case to the Commission." This he did in the instant case. It was then the duty of the Commission, under the section last cited, to "review the entire record." This the Commission did in the instant case. And, as provided in the same section, the Commission entered its award. The award denied compensation. The claimant did not file any further petition for rehearing. The question is: Was he required to do so, before bringing an action in the district court?

The question must be answered in the affirmative. Section 97, last above cited, clearly contemplates a further petition for review in the following clause: "The award of said Commission shall be final unless a peti-

tion to review same shall be filed by an interested party."

Under section 95 of the act of 1919, as amended, first above cited, the order of the referee is the order of the Commission if a petition for review is not filed, but, from section 97, as amended, it is seen that if such a petition is filed, and the referee refers the entire case to the Commission, and the Commission itself afterwards makes an order, that order and not the referee's order, is the award of the Commission.

The solution of the question before us is completed by noting section 98 of the act of 1919, as amended by section 7 of the act of 1923 (Sec. 7, Ch. 203, p. 757, S. L. 1923), which provides, among other things, that "no action * * * to set aside * * * any * * * order * * * of the Commission * * * shall be brought unless plaintiff shall have first applied to the Commission for a review as herein provided."

The claimant, plaintiff below, should have filed a petition for rehearing after the Commission itself acted, and having failed to do so, the district court had no jurisdiction to review the proceedings. *Passini v. Industrial Commission,* 64 Colo. 349, 171 Pac. 369; *Stacks v. Industrial Commission,* 65 Colo. 20, 174 Pac. 588.

This conclusion is not at variance with *Carroll v. Industrial Commission,* 69 Colo. 473, 195 Pac. 1097. There a second petition for rehearing was held to be unnecessary, but the first petition had been filed to review the award of the Commission, acting by the Commissioners, and the second award of the Commission was substantially the same as the first award.

The court did not err in sustaining the demurrer.

The judgment is affirmed.

MR. JUSTICE DENISON and MR. JUSTICE WHITFORD concur.