No. 11,599.

BRADY v. INDUSTRIAL COMMISSION, ET AL.

Decided September 13, 1926.

Proceeding under the workmen's compensation act. Judgment for defendants.

*Affirmed.*

1.  PLEADING—*Answer—Demurrer.* In a district court action by a claimant under the workmen's compensation act to review and set aside findings and award of the industrial commission, where the latter filed an answer and the defending employer a demurrer, it is held there was no error in permitting the commission to withdraw its answer and join in the demurrer of the employer, since the commission by its answer did not waive the question of the court's jurisdiction.

2.  WORKMEN'S COMPENSATION—*Award—Petition for Review.* Where a workmen's compensation case is heard by a referee, who on petition for a review of his award refers the entire matter to the commission, which denies compensation, it is held that the complaint in a district court action should disclose that a petition for a review had been filed after the final determination by the commission.

3.  *Parties.* In a suit by an employee under the workmen's compensation act, against the industrial commission, a railroad which is an interstate commerce carrier, and a fuel company as defendants, it is held under the facts disclosed, that a finding, supported by evidence, that plaintiff was an employee of the railroad, precluded a recovery against the fuel company.

*Error to the District Court of Pueblo County,
Hon. Samuel D. Trimble, Judge.*

Mr. JOHN A. MARTIN, for plaintiff in error.

Mr. WILLIAM L. BOATRIGHT, Attorney General, Mr.
JEAN S. BREITENSTEIN, Assistant, Mr. FRED FARRAR, Mr.
WENDELL STEPHENS, for defendants in error.

*En banc.*

MR. JUSTICE SHEAFOR delivered the opinion of the
court.

THIS action was brought by the plaintiff Brady in the
district court to review and set aside the findings and
award of the defendant, the Industrial Commission, en-
tered against him on October 22, 1925. The defendant,
the Industrial Commission, will be referred to here as
the "Commission," and the defendant, the Colorado
Fuel & Iron Company, as the "Fuel Company."

The Commission answered the complaint, and the Fuel
Company filed a demurrer thereto. On April 14, 1926,
the Commission asked leave to withdraw its answer and
join in the demurrer of the Fuel Company, which was
granted. The demurrer was then heard and sustained,
and the plaintiff electing to stand by his complaint, judg-
ment was entered for defendant. Plaintiff brings the
case here for review. From the record it appears that
plaintiff presented to the Commission his application
for compensation on account of injuries alleged by him
to have been sustained, in the course of his employment,
while acting as switchman, coupling a yard engine to a
car loaded with steel, and being at the time, as alleged,
in the employ of the Colorado-Wyoming Railway Com-
pany and the Colorado Fuel & Iron Company.

On September 1, 1925, a hearing was had before a
referee of the Commission as to the liability of the Fuel

Company, the claim against the Colorado-Wyoming Railway Company having theretofore been dismissed, and findings and award entered by the referee against the plaintiff. Thereupon plaintiff petitioned the Commission for a review of the findings and award of the referee. The referee did not amend or modify the order, but referred the entire case to the Commission.

On October 22, 1925, the Commission made and entered a supplemental award, after having reviewed the entire record and prior proceedings, and denied plaintiff's claim for compensation. Plaintiff's complaint did not allege that a petition for review had been filed by plaintiff after the supplemental findings and award had been made by the Commission on October 22.

Plaintiff contends that the court erred in permitting the Commission to withdraw its answer and join in the demurrer of the Fuel Company; also that the court erred in sustaining the demurrer and holding that the complaint should have disclosed that plaintiff filed with the Commission a petition for review of its supplemental award of October 22.

We think the court did not err in either particular. As to the first, the Commission, by its answer, did not waive the question of the court's jurisdiction of the subject matter of the action, and consequently there was no error in permitting it to join in the demurrer of the Fuel Company. As to the second, the facts disclosed by the record bring this case within the authority of *Carlson v. Industrial Commission,* 79 Colo. 124, 244 Pac. 68, and that authority is decisive of the instant case.

It is urged, however, that the filing of a petition for review of the order made by the Commission on October 22 would accomplish nothing, and that this case is controlled by *Carroll v. Industrial Commission,* 69 Colo. 473. We do not think so. The distinction is noted in the Carlson case, supra, and need not be repeated here. At the request of counsel for plaintiff, we have read the entire testimony and the record of proceedings before

the referee and the Commission. While we cannot, in this proceeding, review the action of the Commission, we might say that if it be a fact, as found by the Commission, that at the time he was injured the claimant was employed by the Colorado & Wyoming Railway Company, an interstate commerce carrier, then the plaintiff could not recover, regardless of the question of the insufficiency of the complaint. The evidence was ample to sustain that finding.

The demurrer was properly sustained, and the judgment should be affirmed.