No. 12,083.

FRENCH *v.* INDUSTRIAL COMMISSION, ET AL.

Decided January 28, 1929. Rehearing denied February 18, 1929.

Mr. F. T. JOHNSON, Mr. S. H. JOHNSON, for plaintiff in error.

Mr. WILLIAM L. BOATRIGHT, Attorney General, Mr. OTTO FRIEDRICHS, Assistant, for defendants in error.

*Department One.*

MR. CHIEF JUSTICE WHITFORD delivered the opinion of the court.

THEODORE Rowley, defendant in error, applied to the Industrial Commission for compensation, under the provisions of the Workmen's Compensation Act, for injuries sustained by him as an employee of S. E. French, the plaintiff in error. Upon the hearing before the referee the claimant was awarded compensation. The plaintiff in error filed his petition for review, which was had by the Industrial Commission, which resulted in the Industrial Commission making a supplementary award by finding that the plaintiff in error at the time of the accident employed four men, and ordering payment of compensation to claimant. Thereafter another hearing was had, at which the permanent disability of the claimant was determined by the referee, and the claimant granted an award based upon such finding of permanent disability. The plaintiff in error again filed a petition in writing, praying for a review of the findings of the referee, which was duly held, and the Industrial Commission, in reviewing such record, found that the plaintiff in error employed four men, and that the claimant was permanently disabled, and awarded him compensation in consonance with such findings. To these findings and award made by the commission the plaintiff in error did not file a petition for review, but contented himself with filing his complaint for review of the action of the Industrial Commission in the district court. The court dismissed the complaint, and the plaintiff below comes here with a writ of error, to review that judgment.

The judgment of the court below must be sustained. The district court had no jurisdiction to review the pro-

ceedings of the Industrial Commission under the facts disclosed by this record. A petition to the commission for a review of its own findings and award is an indispensable prerequisite to bringing an action in the district court. Section 97 of the Workmen's Compensation Act, S. L. 1923, p. 757, provides, among other things: "The award of said commission shall be final unless a petition to review same shall be filed by an interested party. Every petition for review shall be in writing and shall specify in detail the particular errors and objections. * * * and, unless so filed, said order or award shall be final."

Section 98: "No action, proceeding or suit to set aside, vacate or amend any finding, order or award of the commission, or to enjoin the enforcement thereof, shall be brought unless the plaintiff shall have first applied to the commission for a review as herein provided."

We have several times held that, in the absence of a petition for rehearing before the commission, praying for a review by it of its own action, the district court is without jurisdiction to review the proceedings of the Industrial Commission. *Carlson v. Industrial Commission,* 79 Colo. 124, 244 Pac. 68; *Brady v. Industrial Commission,* 80 Colo. 62, 249 Pac. 6; *Zuver v. Industrial Commission,* 80 Colo. 429, 252 Pac. 361.

The demurrer was properly sustained, and the judgment must be, and is, affirmed.

MR. JUSTICE ADAMS, MR. JUSTICE CAMPBELL and MR. JUSTICE ALTER concur.