## No. 12,596.

TYLER ET AL. *v.* HAGERMAN ET AL.
(291 Pac. 1033)

Decided September 22, 1930.

Mr. FRED W. VARNEY, Mr. W. C. BAKER, for plaintiffs in error.

Mr. ROBERT E. WINBOURN, Attorney General, Mr. JOHN S. UNDERWOOD, Attorney General, Mr. ARTHUR L. OLSON, Assistant, for defendants in error.

*En Banc.*

MR. JUSTICE MOORE delivered the opinion of the court.

THE Industrial Commission awarded George Hagerman compensation for 30 per cent permanent partial disability for injuries sustained on September 27, 1926, arising out of and in the course of his employment by Fred Tyler. The district court affirmed said award which the plaintiffs in error now seek to review, contending that they were prejudiced by the method of procedure followed by the Industrial Commission.

On April 8, 1927, the referee found no permanent disability. Pursuant to requests by friends of the claimant, and presumably on the Industrial Commission's own motion, although its files show no order therefor, two hearings were held to review this award and, on December 19, 1928, the commission affirmed the same. Thereafter no petition was filed by the claimant within the 10 day period prescribed by section 4471, C. L. 1921, but, on December 31, 1928, claimant's attorneys wrote the commission for further extension of time asking for a review of said award. On January 23, 1929 (25 days after the statutory time had expired), the commission granted an extension of time until January 31, 1929. Pursuant to the request of claimant's attorneys, the commission on January 29, 1929 (31 days after the statutory time had expired), ordered another extension of

time until February 10, 1929, in which to file application for review which was filed on February 11, 1929, one day after the time allowed. On February 19, 1929, the Industrial Commission granted said application.

A hearing thereunder was held on April 3, 1929, at which the attorney for the insurer objected to the taking of any testimony for the reason that section 4471 had been violated by the failure of the claimant to file application for review within 10 days from December 19, 1928, no extension of time having been granted within said period. The hearing was then continued until the next day, at which time the attorney for the insurer renewed said objection and took no further part in the hearing which ensued. On May 1, 1929, the commission entered an order on the jacket of its files as follows: "Reopen on motion of the Commission and grant 30% disability." On May 7, 1929, a supplemental award was made in which the commission found that it had erred as to its award of December 19, 1928, and ordered that claimant be compensated for 30 per cent partial permanent disability.

■ Two methods of reviewing an award of the Industrial Commission are provided by the statute: First (sec. 4471, C. L. '21), upon petition of any party in interest dissatisfied therewith which must be filed within ten days after the entry of any referee's order or award of the commission unless further time is granted by the referee or the commission within said ten days, and, unless so filed, said order or award shall be final, and second (sec. 4484, C. L. '21), by the commission upon its own motion on the ground of error, mistake or a change in conditions and "after notice of hearing to the parties interested, * * *."

■■ The order of May 1, 1929, by which the commission reopened the case of its own motion was without notice and thereafter no testimony was taken pursuant thereto. It would appear that this order was made by the commission in an attempt to rectify its procedure

subsequent to the award of April 8, 1927. While the statute allows the Industrial Commission wide latitude in its procedure and determination of cases coming within its jurisdiction, still it remains a creature thereof and must be controlled by its provisions. Claimant, insured and insurer, must be advised whether the commission is proceeding under section 4471, or section 4484, C. L. 1921, so that they may protect themselves accordingly.

 In this case plaintiffs in error were led to believe that the hearing of April 3 and 4, 1929, was held pursuant to the provisions of section 4471, upon the granting of claimant's application for review, and objected to said hearing because claimant's petition was filed too late. Relying upon the sufficiency of the objection they did not further participate in the hearing. The objection was good and should have been sustained. *Passini v. Industrial Com.*, 64 Colo. 349, 171 Pac. 369; *Stacks v. Industrial Com.*, 65 Colo. 20, 174 Pac. 588; *Midget Mining Co. v. Industrial Com.*, 69 Colo. 218, 193 Pac. 493. If counsel for plaintiffs in error had further participated in the hearing, cross-examined witnesses and introduced testimony on behalf of his clients, he would have waived this objection. *Industrial Com. v. State Fund*, 71 Colo. 106, 203 Pac. 215. If the hearing had been, pursuant to section 4484, ordered by the Industrial Commission upon its own motion and after notice thereof, said objection would have been unavailing and counsel, without waiving any rights, could have examined claimant's witnesses, and could have introduced testimony on behalf of his clients. Under these circumstances, the procedure of the Industrial Commission was prejudicial to the rights of plaintiffs in error.

Claimant insists that *Colorado F. & I. Co. v. Industrial Com.*, 85 Colo. 237, 275 Pac. 910 is here controlling. In that case we held that section 4484 gave the Industrial Commission the right, independent of section 4471, of its own motion to review its awards within a prescribed

limited scope. There the hearing, after notice given, was held pursuant to section 4484 upon the commission's own motion and the insurer appeared, cross-examined witnesses and introduced testimony on its behalf. In the instant case, the order of the commission of May 1, 1929, reopening the case of its own motion was made subsequent to the hearing of April 3 and 4. No notice of a hearing was given and no hearing was had thereunder.

The commission's order of May 1, 1929, did not validate the irregularities hereinabove noted.

The judgment is reversed and the cause remanded to the district court with directions that its judgment be vacated and the record transmitted to the Industrial Commission for such further proceedings as it may deem proper and in accordance with the views herein expressed.

MR. JUSTICE CAMPBELL not participating.