## No. 14,233.

INDUSTRIAL COMMISSION, STATE COMPENSATION INSURANCE
FUND AND BEAR CANON COAL COMPANY *v.* MARTINEZ ET AL.
(77 P. [2d] 646)

Decided January 17, 1938.   Opinion modified and petition for rehearing
denied March 7, 1938.

Mr. BYRON G. ROGERS, Attorney General, Mr. LOUIS SCHIFF, Assistant, Mr. HAROLD CLARK THOMPSON, for plaintiffs in error.

Mr. SAM T. TAYLOR, for defendants in error.

*En Banc.*

MR. CHIEF JUSTICE BURKE delivered the opinion of the court.

THIS is a workmen's compensation case. The foregoing parties are referred to, in order, as the commission, the fund, the coal company, and the claimants; and Leo Martinez, formerly husband of Millie H. Martinez, as the deceased.

Deceased was employed by the coal company whose compensation insurance was carried by the fund. He met his death as the result of an accident arising out of and in the course of his employment. Claimants filed with the commission whose referee found in their favor, basing his award on an average weekly wage of $19.11. On petition for review the commission itself fixed the same amount. Claimants took the cause to the district court where the award was modified on the basis of an

average weekly wage of $22.73. To review that judgment this writ is prosecuted. The total award of the commission was $2,985.94, which the district court increased to $3,545.67.

██ ██ The judgment must be reversed because the district court never had jurisdiction. "No action, proceeding or suit to set aside, vacate or amend any finding, order or award of the commission, or to enjoin the enforcement thereof, shall be brought unless the plaintiff shall have first applied to the commission for a review as herein provided * * *." '35 C. S. A., c. 97, §377. The foregoing section is mandatory. *French v. Industrial Com.*, 85 Colo. 173, 274 Pac. 742. This point was not raised below but since it is jurisdictional that is immaterial. 3 C. J. p. 755 par. 652; *Baker v. Denver Tramway Co.*, 72 Colo. 233, 210 Pac. 845.

██ The only review here had, or sought, was a review of the award of the referee, not the commission. The very purpose of the statute is that errors or oversights may thus be brought to the attention of the commission itself, which has the sole power to make a final award. Counsel for claimants simply takes the position that "a petition to the *commission* asking that it review the findings of the *referee* is all that is necessary" and cites no authorities. We are unable to agree with him. *Carlson v. Industrial Com.*, 79 Colo. 124, 244 Pac. 68; *Passini v. Industrial Com.*, 64 Colo. 349, 171 Pac. 369; *Zuver v. Industrial Com.*, 80 Colo. 429, 252 Pac. 361; *Midget Mining Co. v. Industrial Com.*, 69 Colo. 218, 193 Pac. 493.

██ "It is clear that the district court could acquire no jurisdiction over the subject matter unless the fact appeared in the record that the petitioner had made application to the commission for a rehearing." *Stacks v. Industrial Com.*, 65 Colo. 20, 23, 174 Pac. 588.

The complaint must allege the filing of a petition for review provided by statute, otherwise the court acquires

no jurisdiction, and the point may be raised by demurrer. *Brady v. Industrial Com.,* 80 Colo. 62, 249 Pac. 6.

Errors not specified in the petition for review can not be considered by the courts. *London Co. v. Sauer,* 92 Colo. 565, 22 P. (2d) 624. Hence, irrespective of allegations of complaint or answer, the petition must appear in the record.

No "answer" of the commission, as that term is usually employed, is known to our court proceeding to review such an award. The statute provides that the commission shall "make return to said court of *all* documents and papers on file in the matter, and of *all* testimony taken therein, and certified copies of *all* its findings, orders and awards, *which return shall be deemed its answer to said complaint.*" '35 C. S. A., c. 97, §380. Hence if the petition for review, which is jurisdictional, does not appear in the commission's return then lack of jurisdiction affirmatively appears from the pleadings themselves.

However, it also clearly appears from the record that the notice of award required by section 376, chapter 97, C. S. A. '35 is deficient in that the affidavit of mailing bears a date prior to that of the award. Said section provides: "Such petition must be filed within fifteen days after the * * * award of the commission * * *. All parties in interest shall be given due notice of the entry of * * * any award of the commission, and said period of fifteen days shall begin to run only after such notice * * *."

Therefore, where no notice, or an insufficient notice, is given, the time within which the petition for review must be filed does not run.

The judgment is accordingly reversed and the cause remanded with directions to the district court to refer the matter to the commission with instructions to give proper notice of the award in conformity with the statute. Thereafter the parties may proceed as they are advised.

Mr. Justice Bouck concurs specially.

MR. JUSTICE BOUCK, specially concurring.

In agreeing to the substitution of the last three paragraphs above for, and in lieu of, the original majority opinion's last paragraph, which provided for a dismissal by the district court, I do not wish to be understood as approving of the reasoning in that opinion. I am still convinced that the judgment herein should be affirmed. However, I recognize that the substitution supplies in good faith a simple form of practical justice as advocated by Mr. Justice Knous and Mr. Justice Holland in the former's original concurring opinion, now withdrawn. It grants the claimant a "day in court" before the Industrial Commission, by providing for a notice to be hereafter served upon the parties, in place of the one referred to in the affidavit mentioned in the modifying paragraphs, thus giving the claimant and all other parties an opportunity to file a petition for review if desired. Since this course insures an ultimate disposition on the merits, I heartily favor it, in view of the fact that my colleagues are not willing to affirm the judgment of the district court. The dissenting opinion which I originally filed, directing itself to the original opinion now modified, is hereby withdrawn, as no longer serving any useful purpose.