## No. 14,586.

GADBOIS *v.* ALLAN AS CROWN MINE COMPANY ET AL.
(94 P. [2d] 688)

Decided September 11, 1939.   Rehearing denied October 2, 1939.

Mr. O. A. JOHNSON, for plaintiff in error.

Messrs. HAWKINS & HAWKINS, Mr. BYRON G. ROGERS, Attorney General, Mr. FRANK A. BRUNO, Assistant, for defendants in error.

*In Department.*

MR. JUSTICE BAKKE delivered the opinion of the court.

PURSUANT to our instructions given when this case was previously before us (*Allan v. Gadbois,* 100 Colo. 141, 66 P. [2d] 331) the matter was again referred to the Industrial Commission, which, after extended hearings, entered its final award March 30, 1938, the same being the culmination of the twelfth hearing on the claim. In making this last award the commission held, inter alia, that another hearing would accomplish nothing; that "these cases must end sometime," and ordered: "That the award of this commission dated August 14, 1936, be, and the same is hereby, set aside, vacated and annulled, and that the original order of the Referee dated the first day of June, 1933, and subsequently reviewed and affirmed by the commission upon several occasions, be, and the same is hereby reinstated, and affirmed as the final award of this commission."

After the granting of a fifteen-day extension of time to file a petition for review of this last award, such a petition was filed April 27, 1938. The petition was denied in a supplemental award entered May 4, 1938, in which the commission held that its award "dated March 30, 1938, be, and the same hereby is affirmed and approved as the final award of this commission."

May 19, 1938, another petition for review was filed based on a written communication from a physician (sixteen other doctors whose qualifications were never challenged having on several occasions testified in the previous hearings) which contained the statement, after reciting his diagnosis, "I estimate the patient's permanent disability to be forty (40) per cent." May 24, the commission issued another supplemental award ordering "That the award of this commission dated May 4, 1938, be and the same hereby is affirmed and approved as the final award of this commission." This, as will be noted, simply reaffirmed the former award of March 30th.

June 13, 1938, claimant filed his complaint in the district court to which a demurrer was interposed on the grounds, first, that it failed to state a cause of ac-

tion; and, second, that it "shows upon its face that this action was not commenced within twenty days after the final finding, order or award entered by the defendant Industrial Commission of Colorado upon the review of the award by said action sought to be vacated." Objection is now made because the second ground was not urged after the filing of the amended complaint. The point is not good, because if the special demurrer was good as to the first complaint, it was good as to the amended complaint, and is good now.

The only question before us is whether the trial court erred in sustaining the general demurrer. The record does not disclose whether the special demurrer was argued below, but it is argued here and we consider it in disposing of this matter.

■    We think the special demurrer was good because the twenty-day limitation of time as to filing the case in the district court must be held to run from May 4, 1938, the date the commission announced its adherence to its award of March 30th. The petition for review contemplated by the statute (section 377, chapter 97, '35 C. S. A.) was clearly that filed by the claimant April 27, 1938, which was passed upon by the commission May 4th. The so-called application for review filed May 19th is not such either in fact or in law, because it does not attempt to "specify in detail the particular errors or objections," as required by section 376 of the Workmen's Compensation Act. Furthermore, the last so-called application for review was contrary to paragraph 7 of Rule 19 of the commission's rules of procedure.

■    Since the right of appeal to the courts is statutory, the party desiring to avail himself of the privilege must comply with the statute. *Stacks v. Industrial Com.*, 65 Colo. 20, 23, 174 Pac. 588.

We are less reluctant to dispose of this case on the above ground than we would be if we were not satisfied that the claimant has been given every consideration which could possibly be afforded him under the

law.  As already indicated twelve hearings were had on his claim in which sixteen doctors testified as to his condition.  The law places the responsibility of determination of fact on the commission, and certainly nothing that this court or any other could do would assist it in further attempting to afford claimant any relief under the provisions of the applicable law.

Judgment affirmed.

Mr. Chief Justice Hilliard and Mr. Justice Burke concur.