## No. 15,039.

ZIMMERMAN, ADMINISTRATRIX *v.* INDUSTRIAL
COMMISSION ET AL.
(120 P. [2d] 636)

Decided December 8, 1941.  Rehearing denied January 5, 1942.

Mr. ADDISON M. GOODING, for plaintiff in error.

Mr. GAIL L. IRELAND, Attorney General, Mr. H. LAWRENCE HINKLEY, Deputy, Mr. HENRY L. STARK, Assistant, Mr. WILLIAM R. ARTHUR, JR., Mr. WILLIAM O. DESOUCHET, for defendants in error.

*En Banc.*

MR. JUSTICE OTTO BOCK delivered the opinion of the court.

IN this proceeding under the Workmen's Compensation Act, claimant Brack was awarded compensation in the sum of $6,095 for personal injuries resulting from an accident arising out of and in the course of his employment as foreman of the Block Coal Company. It appears from the record that one E. H. Zimmerman was the lessor of the property operated by the coal company, and as such the referee of the Industrial Commission held him to be an employer and he was included as such in the findings and award. Mr. Zimmerman having died, his widow, as administratrix of his estate, was substituted as a party to the proceedings and she is the plaintiff in error here.

After rather extensive interlocutory proceedings the referee, May 16, 1941, entered a final order reinstating and confirming the original award. Subsequently, plaintiff in error filed a petition for a review

of this award, and upon the hearing thereof the orders of the referee were affirmed and adopted as the award of the commission. No petition for a review of this award of the commission was presented or filed. This had the effect of making the award final and leaving the court without jurisdiction to determine the controversy. *Industrial Commission v. Martinez,* 102 Colo. 31, 77 P. (2d) 646. The failure to file a petition to review the commission's award was alleged in a motion to dismiss the complaint, which was sustained. Plaintiff in error here urges that she did not receive due and sufficient notice of the award of the commission, and therefore the time within which to file a petition for review had not commenced to run. In support of this argument her counsel cites *Industrial Commission v. Martinez, supra.* We think this contention has merit. The record contains a carbon copy of a document denominated "Findings of Fact and Award," which purports to have been duly executed on the 11th day of July, A.D. 1941. To this writing is attached an affidavit of service by mail which recites that affiant served "the attached findings of fact and award of July 11, 1941" by mailing copies thereof to designated parties, including plaintiff in error. The file folder, which is a part of the commission's record, contains an entry in ink which reads, "July 7-41 Order of Referee is affirmed," and below that appear the names of Commissioners King and Brannaman. It seems clear, from this entry, that the order of the referee was affirmed by the commission July 7, 1941, and not, as contained in the notice to plaintiff in error, July 11, 1941. This constitutes failure of due notice of the entry of the commission's award, and is therefore an insufficient notice upon which time does not run.

■ It should be noted that section 376, chapter 97, '35 C.S.A., which governs the time for filing a petition for review, provides, inter alia: "The award of said commission shall be final unless a petition to review same shall be filed * * * . Such petition must be filed within

fifteen days after the entry of any * * * award of the commission unless further time is granted by * * * the commission within said fifteen days, and, unless so filed, said order or award shall be final." Under this provision, the petition for review must be filed within the time fixed by statute, otherwise the award is final. *Industrial Commission v. Bracken*, 83 Colo. 72, 262 Pac. 521. The failure to state July 7, 1941, in the notice, rather than July 11, as the date of affirmance, had the effect of reducing by four days the time within which plaintiff in error had to file his petition for review. No extension of time was granted by the commission.

Relative to the apparent inconsistency between the last sentence of said section 376 and the excerpt above quoted, as to the running of the fifteen-day period after notice, that question is not now before us, and we express no opinion thereon.

■ Where, as here, the jurisdiction of the court in a workman's compensation case is questioned, unless the Industrial Commission follows strictly the provisions of section 376, supra, concerning notice, we are not inclined to favor a ruling which would foreclose the opportunity of a party to a judicial review.

■■ Our attention is called to another irregularity. The affidavit of service by mail is sworn to before "David F. How." No language is found in the affidavit from which it may be ascertained in what capacity How assumed to administer the oath. The record does disclose that one David F. How signed the commission's certificate on the first page of its record as "the duly appointed, qualified and acting secretary of the Industrial Commission of Colorado." Those officials who are empowered to administer oaths are enumerated in section 3, chapter 115, '35 C.S.A., and the secretary of the Industrial Commission is not therein designated as such an officer. Unless an authorized official administers the oath there is no affidavit. In view of our conclusions as to the insufficiency of the notice, we deem it unnecessary

to determine whether these defects in the verification nullify the service of notice as therein recited. We do believe, however, that the defects are of sufficient importance to warrant admonition.

The judgment is reversed and the cause remanded with directions to the district court to transmit the matter to the Industrial Commission with instructions to re-enter its award and to give proper notice thereof in conformity with the statute. Thereafter the parties may proceed as they shall be advised.