No. 15,303.

BROWN *v.* COLORADO FUEL AND IRON CORPORATION ET AL.
(140 P. [2d] 619)

Decided August 3, 1943.

Mr. BENJAMIN F. KOPERLIK, Mr. JAMES D. GEISSINGER, for plaintiff in error.

Mr. CHARLES H. GROVES, Messrs. BYRNE, LAMSON & JORDAN, Mr. GAIL L. IRELAND, Attorney General, Mr. H. LAWRENCE HINKLEY, Deputy, Mr. ST. GEORGE GORDON, Assistant, for defendants in error.

*En Banc.*

MR. JUSTICE JACKSON delivered the opinion of the court.

PLAINTIFF in error brought suit to review the action of the Industrial Commission which denied her compensation. The district court, in an appropriate proceeding, affirmed the findings and award of the commission and dismissed the complaint, and its judgment is here for review on writ of error. In this case the employing corporation, self-insured, admits that the death of its employee occurred in the course of his employment and that his dependent or dependents are entitled to the maximum claim of $4375. It therefore is merely a stakeholder in this proceeding, has filed a disclaimer, and stands ready to pay this sum to whomever is entitled to the award.

The death benefit was awarded by both the commission and the district court to Edna Leona Brown,

minor daughter of decedent. Plaintiff in error claims half of the amount as widow of decedent. The evidence shows that on January 23, 1931, deceased, Donald R. Brown, then 24, married Evelyn Ferrari, then 17 (although she gave her age as 19 to bring herself within the California law of consent). A daughter, Edna Leona Brown, successful claimant in this proceeding, was born of this marriage. In late August, 1932, Brown deserted his wife and child and moved to Pueblo, where he had formerly lived. There is evidence that no divorce was ever obtained by either Brown or his wife. In 1934 he went through a marriage ceremony in Pueblo with Anne Williams, with whom he lived until her death in 1940. No children were born of that marriage. His wife, Evelyn, the mother of his child, heard of that marriage and, assuming that Donald had divorced her, married Oscar Strong in 1938. From 1932 to 1938 she had supported her daughter unaided. Since her marriage to Strong the latter has contributed to his wife's daughter's support on a voluntary basis, but has never adopted his step-daughter. On April 7, 1941, at Raton, New Mexico, Brown was married by a justice of the peace to Esther Roberts—she being employed as a telephone operator at his employer's plant in Pueblo. She was self-supporting at the time of the marriage and did not give up her employment. Three days later, on April 10, 1941, Brown was fatally injured at his employer's plant and died the next day.

The district court reviewed the record of the Industrial Commission, and adjudged as hereinbefore noted. Counsel for defendant in error, in their brief filed herein, for the first time raise the point that no petition for a review of the Industrial Commission's final finding and award was ever filed by plaintiff in error, and that therefore the district court had no jurisdiction in this matter; that, although this point was not raised before the district court, being a matter of jurisdiction, it can be properly raised at any time.

■ ■ They call our attention to two authorities which, together with the other Colorado cases cited therein, we believe are controlling. In the present case plaintiff in error filed a petition for review of the referee's award, which the commission later adopted and incorporated in its award, but did not file a petition for review of the commission's final award. Counsel for plaintiff in error argue that, in view of the fact that the commission adopted the referee's award, there was no need for filing a second petition to review the commission's award. This court has consistently held otherwise.

We said in *French v. Industrial Commission,* 85 Colo. 173, 274 Pac. 742:

"The district court had no jurisdiction to review the proceedings of the Industrial Commission under the facts disclosed by this record. A petition to the commission for a review of its own findings and award is an indispensable prerequisite to bringing an action in the district court. Section 97 of the Workmen's Compensation Act, S.L. 1923, p. 757, provides, among other things: 'The award of said commission shall be final unless a petition to review same shall be filed by an interested party. Every petition for review shall be in writing and shall specify in detail the particular errors and objections. * * * and, unless so filed, said order or award shall be final.'

"Section 98: 'No action, proceeding or suit to set aside, vacate or amend any finding, order or award of the commission, or to enjoin the enforcement thereof, shall be brought unless the plaintiff shall have first applied to the commission for a review as herein provided.'

"We have several times held that, in the absence of a petition for rehearing before the commission, praying for a review by it of its own action, the district court is without jurisdiction to review the proceedings of the Industrial Commission. *Carlson v. Industrial Commission,* 79 Colo. 124, 244 Pac. 68; *Brady v. Industrial Com-*

*mission,* 80 Colo. 62, 249 Pac. 6; *Zuver v. Industrial Commission,* 80 Colo. 429, 252 Pac. 361."

Later, in *Industrial Commission v. Martinez,* 102 Colo. 31, 77 P. (2d) 646, we said:

"The judgment must be reversed because the district court never had jurisdiction. 'No action, proceeding or suit to set aside, vacate or amend any finding, order or award of the commission, or to enjoin the enforcement thereof, shall be brought unless the plaintiff shall have first applied to the commission for a review as herein provided * * *.' '35 C.S.A., c. 97, §377. The foregoing section is mandatory. *French v. Industrial Com.,* 85 Colo. 173, 274 Pac. 742. This point was not raised below but since it is jurisdictional that is immaterial. 3 C.J. p. 755, par. 652; *Baker v. Denver Tramway Co.,* 72 Colo. 233, 210 Pac. 845.

"The only review here had, or sought, was a review of the award of the referee, not the commission. The very purpose of the statute is that errors or oversights may thus be brought to the attention of the commission itself, which has the sole power to make a final award. Counsel for claimants simply takes the position that 'a petition to the *commission* asking that it review the findings of the *referee* is all that is necessary' and cites no authorities. We are unable to agree with him. *Carlson v. Industrial Com.,* 79 Colo. 124, 244 Pac. 68; *Passini v. Industrial Com.,* 64 Colo. 349, 171 Pac. 369; *Zuver v. Industrial Com.,* 80 Colo. 429, 252 Pac. 361; *Midget Mining Co. v. Industrial Com.,* 69 Colo. 218, 193 Pac. 493.

" 'It is clear that the district court could acquire no jurisdiction over the subject matter unless the fact appeared in the record that the petitioner had made application to the commission for a rehearing.' *Stacks v. Industrial Com.,* 65 Colo. 20, 23, 174 Pac. 588.

"The complaint must allege the filing of a petition for review provided by statute, otherwise the court acquires no jurisdiction, and the point may be raised by demurrer. *Brady v. Industrial Com.,* 80 Colo. 62, 249 Pac. 6.

258

In view of the law as clearly set forth in the above-quoted paragraphs, we hold that the district court was without jurisdiction in the premises; the cause is accordingly remanded with directions to vacate its judgment and return the file to the Industrial Commission with instructions to the latter to proceed in accordance with its final finding and award.