No. 16,979.

INDUSTRIAL COMMISSION ET AL. *v.* PLAINS
UTILITY COMPANY ET AL.
(259 P. [2d] 282)

Decided May 25, 1953.    Rehearing denied June 22, 1953.

Mr. Duke W. Dunbar, Attorney General, Mr. H. Lawrence Hinkley, Deputy, Mr. Peter L. Dye, Assistant, for Industrial Commission.

Mr. Duane O. Littell, for defendants in error.

*En Banc.*

Mr. Justice Alter delivered the opinion of the court.

This is a workmen's compensation case brought here by writ of error to review a judgment of the district court of the City and County of Denver which set aside an award of the Industrial Commission of the State of Colorado.

The facts giving rise to this litigation, as disclosed by the record, briefly are: Neola Kitzmiller is the widow and only dependent of one Fred Clayton Kitzmiller who was "electrocuted" on November 24, 1951, in an accident arising out of and in the course of his employment by the Plains Utility Company, Incorporated. The United States Fidelity and Guaranty Company was the Utility Company's insurer.

We shall hereinafter refer to the Industrial Commission of Colorado as the Commission; to Neola Kitzmiller as widow; to Plains Utility Company, Incorporated, by name or as employer; to United States Fidelity and Guaranty Company as insurer.

Kitzmiller was employed by the United States Postal Service as a mail carrier on two Star Routes and received for these services the sum of $275.00 per month. In addition to his employment by the Postal Service he was employed by the Plains Company for some services at a compensation of $30.00 per month, and it was during this latter employment that he accidently was killed.

The employer filed a report of the accident. The insurer admitted its liability for compensation to the widow in the sum of $3130.00 payable at the rate of

$43.47 per month, and a liability of $150.00 for the expense of burial. After the claim for compensation was filed by the widow, and on March 28, 1952, there was filed with the Commission a stipulation and agreement, executed by claimant's attorney and by the insurer, in which it was agreed that the wage to be used in determining the compensation benefits due the widow was $30.00 a month and that the earnings received by the deceased under his contract with the United States Postal Service should not be considered in the computation. On April 28, 1952, at a hearing before a referee of the Commission, he found that compensation should be paid the widow based upon the aggregate earnings of the deceased amounting to $3360.00 per year, and it was ordered by the referee that compensation should be paid to the widow at the rate of $121.72 per month and continued monthly thereafter at that rate until the sum of $8764.00 was paid and also ordered the payment of $150.00 on account of funeral expenses. On May 12, 1952, the employer and its insurer filed a petition for review by the Commission of the referee's order. Thereafter and on May 13, 1952, the referee referred the matter to the Commission for its determination. The Commission, on May 29, 1952, made its findings of fact and award approving in all respects the referee's order of May 6, 1952, and copies thereof were duly mailed to the employer and insurer. On June 18, 1952, the employer and insurer filed a petition for review, and specifically called attention to the order and award of the Commission dated May 6, 1952. On June 27, 1952, the Commission in a supplemental award, reviewed its award of May 29, 1952, and affirmed and approved the same as the "Final Award of this Commission." Thereafter on July 16, 1952, complaint to set aside and vacate the award of the Commission was filed in the district court.

It should be noted that the petition for review of the Commission's order and award, which was, in fact, denied by its findings of fact and award on May 29, 1952;

was not filed with the Commission until June 18, 1952, which was twenty days after the Commission's findings of fact and award. Counsel for the Commission take the position here — and this is presented for the first time — that the district court had no jurisdiction to act in this cause because the petition for review was not filed within the time provided by statute. The applicable statutory provision reads: "Any party in interest who is dissatisfied with the order entered by the referee may petition to review the same and the referee may reopen said case, or may amend or modify said order, and such amended or modified order shall be a final award unless objection be made thereto by further petition for review. In case said referee does not amend or modify said order, he shall refer the entire case to the commission, and the commission shall thereupon review the entire record in said case, and, in its discretion, may take or order the taking of additional testimony, and shall make its findings of fact and enter its award thereon. *The award of said commission shall be final unless a petition to review same shall be filed by an interested party.* Every petition for review shall be in writing and shall specify in detail the particular errors and objections. *Such petition must be filed within fifteen days after the entry of any referee's order or award of the commission unless further time is granted by the referee or the commission within said fifteen days, and, unless so filed, said order or award shall be final.* All parties in interest shall be given due notice of the entry of any referee's order or any award of the commission, and said period of fifteen days shall begin to run only after such notice, and the mailing of a copy of said order or award addressed to the last known address of any party in interest shall be sufficient notice." (Italics ours.) Section 376, chapter 97, '35 C. S. A.

The other section pertaining to the jurisdictional question presented by the Commission is: *"No action, proceeding or suit to set aside, vacate or amend any*

*finding, order or award of the commission, or to enjoin the enforcement thereof, shall be brought unless the plaintiff shall have first applied to the commission for a review as herein provided.* Such action, proceeding or suit must be commenced within twenty days after the final finding, order or award entered by the commission upon such review." (Italics ours.) Section 377, chapter 97, '35 C. S. A.

It is the Commission's position that the petition for review, provided by said section 376, is mandatory and must be filed within the time therein provided or the findings and award of the Commission becomes final, and thereafter any attempt to set them aside, vacate or amend them is futile and beyond the jurisdiction of the courts. The employer and insurer take the position that conceding their failure to file a timely petition for review of the Commission's findings of fact and award, under the factual situation here presented, there is no bar to a judicial review and determination of the interests involved, and this because no objection whatever has been made heretofore to the belated filing of the petition for review, and the Commission is now estopped to question the jurisdiction of the courts.

It should be noted that in 1915 the legislature enacted our first Workmen's Compensation law (Chapter 179, 1915 Session Laws of Colorado), which Act was amended in 1917 (Chapter 155, 1917 Session Laws of Colorado). In 1919 practically a new Workmen's Compensation Act was passed (Chapter 210, 1919 Session Laws of Colorado), and all provisions of chapters 179 and 155, supra, inconsistent with the 1919 Act, were repealed. Section 97 of the 1919 amendatory Act contains, for all general purposes, the same provisions as section 376, supra. The principal change in the 1931 amendment (section 376, chapter 97, '35 C.S.A.) to said section 97, supra, affords a plaintiff fifteen days within which to file a petition for review rather than the ten days provided in said section 97, supra, of the

1919 amendatory Act. Section 377, supra, was enacted as section 98, chapter 210, 1919 Session Laws of Colorado, and is currently in force.

The provisions of the Workmen's Compensation Act are to be enforced by the Industrial Commission, which is a statutory board, strictly an administrative agency, and as such, possesses only such powers and authority as have been expressly conferred upon it by statute or as arises therefrom by such implication as is necessary and incidental to the full exercise of its enumerated powers. It therefore follows that a compliance with the provisions of the Act is an essential prerequisite to the jurisdiction of the Industrial Commission and its powers, and any statutory limitations upon the exercise of the same cannot be waived, enlarged, diminished or destroyed by consent, and cannot be estopped. Beyond the power and authority expressly granted, the Industrial Commission has no jurisdiction. We also should recognize that the Workmen's Compensation Act gives a right of action which did not exist at common law. Before the enactment of our Workmen's Compensation Act an employee sustaining injuries in an accident arising out of and in the course of his employment, or otherwise while engaged in his employment, was under the obligation of proving negligence on the part of his employer or a fellow servant before he could be awarded compensation for any such injury. Our Workmen's Compensation Act specifies in definite terms the time within which a right under said Act accrues and can be enforced. The time factor in the Act is a limitation or condition precedent attached to the right. It is a limitation on the liability itself and not alone on the remedy. By a limitation upon the right of action, there must be a compliance with the statutory provisions before the injured employee is entitled to the benefits of the Act. Compliance is not a procedural matter; it cannot be treated as such because of the mandatory provisions of the creative statute

itself; the doctrine of waiver ordinarily cannot be invoked to defeat the direct and mandatory provisions of the statute. It is almost universally recognized that the jurisdiction of the subject matter cannot be waived, nor can it ever be conferred by agreement.

We note that the mandatory provisions of section 376, supra, so far as a petition for review is concerned, is, "* * * Such petition *must be filed* within fifteen days after the entry of any referee's order or award of the commission unless further time is granted by the referee or the commission within said fifteen days, and, unless so filed, said order or award shall be final. * * *" (Italics ours.) The mandatory provision of section 377, supra, is, "No action, * * * to set aside, * * * any * * * award of the commission, * * * shall be brought *unless the plaintiff shall have first applied to the commission for a review as herein provided.* Such action, * * * must be commenced within twenty days after the final * * * award entered by the commission upon such review." (Italics ours.)

The legislature clearly, definitely and mandatorily provided that certain steps to obtain a review of the commission's award were to be taken within a definite and specific time before the Industrial Commission acquired jurisdiction to entertain or proceed with such matters as were brought to its attention. As we have said, the Industrial Commission is a creature of the legislature; it is given certain powers and duties and possesses none other. In such cases as are brought under the Workmen's Compensation Act the legislature has seen fit to circumscribe the Industrial Commission. It delegated certain enumerated power and authority to it as a quasi judicial body and limited the right to exercise that power and authority to the injured employee and his employer who complied with the provisions of the Act. In any case where the employee or employer neglects to comply with such provisions, the Industrial Commission is without jurisdiction. It has no

power to waive any of the statutory provisions for if it undertook to waive the provisions of the statute, by so doing it would result in a repeal of the provisions of the legislative authority that created the Commission itself. Under the provisions of the Act, an injured employee, his employer and the Commission, are bound by the terms of the Act, and unless an injured employee brings himself within the provisions of the Act, he cannot avail himself of its benefits.

The words "must" and "shall" as used in sections 376 and 377, supra, are not susceptible of any construction except as mandatory.

In the instant case, the final award of the Commission was dated May 29, 1952, and notice thereof given the employer and insurance carrier, as well as other interested parties. It then became the duty of the employer and his insurance carrier, if dissatisfied with the Commission's award, to petition for a review within fifteen days, as that time is fixed and provided in section 376, supra, and not having so petitioned, the award of the Commission became final. A petition for rehearing filed after the expiration of the fifteen-day period specified in said section 376, supra, was absolutely futile for all purposes, and should have been disregarded by the Commission as well as by the trial court. Under these circumstances, there not having been a compliance with the statute, the award became final and was not subject to review by the district court. To hold otherwise would be a flagrant disregard of the mandatory provisions of the Act.

We believe it proper to state that the attorney now representing the employer and insurer did not participate in these proceedings until after the filing of the petition for review on June 18, 1952, and in fairness to the trial court, the record discloses that the question of jurisdiction was not presented to or argued before it.

Jurisdiction of the Commission and trial court

could not be waived and may be properly presented in this court for the first time, although that practice is not encouraged. The following decisions of our own court support us in our position that in order to avail oneself of the provisions of the Workmen's Compensation Act the procedure for review of the referee's or Commission's finding or award must be followed, and, unless followed, the order or award of the referee or Commission may not be reviewed by this court. *Passini v. Industrial Commission,* 64 Colo. 349, 171 Pac. 369; *Stacks v. Industrial Commission,* 65 Colo. 20, 174 Pac. 588; *Midget Consolidated Gold Mining Co. v. Industrial Commission,* 69 Colo. 218, 193 Pac. 493; *Industrial Commission v. Employers Liability Assurance Corporation,* 78 Colo. 267, 241 Pac. 729; *Carlson v. Industrial Commission* 79 Colo. 124, 244 Pac. 68; *Tyler v. Hagerman,* 88 Colo. 60, 291 Pac. 1033; *Colorado Fuel and Iron Company v. Industrial Commission et al.,* 88 Colo. 573, 298 Pac. 955; *London Guarantee and Accident Company, Ltd., v. Sauer and Industrial Commission,* 92 Colo. 565, 22 P. (2d) 624; *Danielson v. Industrial Commission,* 96 Colo. 522, 44 P. (2d) 1011; *Industrial Commission v. Martinez,* 102 Colo. 31, 77 P. (2d) 646; *Gadbois v. Allan as Crown Mine Company,* 105 Colo. 19, 94 P. (2d) 688; *Brown v. Colorado Fuel and Iron Corporation,* 111 Colo. 253, 140 P. (2d) 619.

We hold that the filing of the petition for rehearing as provided by section 376, supra, was jurisdictional. This disposition of the cause obviates the necessity of considering other specifications of points presented by plaintiff in error, as to which no opinion is expressed. We simply hold that the district court was without jurisdiction in the premises and that jurisdiction could not be waived nor was the Commission estopped from asserting it in this court for the first time.

The judgment is reversed and the cause remanded

516

to the district court with directions to set aside and vacate its judgment and return the file to the Industrial Commission.