Opinion by
Mr. Justice McWilliams.
Joe Aragon, age twenty-seven, who was employed as a houseman by the Continental Denver Hotel, suffered a heart attack while shoveling snow for his employer. Aragon then made claim for Workmen’s Compensation benefits. Upon hearing there was some medical testimony to the effect that Aragon’s heart attack resulted from “premature aging” and was in nowise related to his snow-shoveling activities. One doctor, however, did testify without objection that in his opinion the heart attack was “possibly” related to his shoveling of the snow. On this general state of the record the referee for the Industrial Commission found that the claimant, Aragon, had failed to establish “that the condition complained of resulted from accidental injury” or that he had sustained any accident arising out of and in the course of his employment. Accordingly, Aragon’s claim for compensation and medical benefits was denied by the referee.
To this order of the referee denying his claim, Aragon filed a petition for review, alleging that to the contrary he had in fact established that he sustained an accidental injury arising out of and in the course of his employment. Thereafter, the Industrial Commission denied Aragon’s claim and in so doing approved, affirmed and adopted the findings of the referee.
Sixteen days after the date when the Industrial Commission denied his claim, Aragon filed a complaint in *340 the district court in and for the City and County of Denver, whereby he sought judicial review of the order of the Industrial Commission denying his claim for compensation. Upon motion the trial court dismissed Aragon’s complaint and by writ of error Aragon now seeks reversal of the judgment of dismissal.
The trial court dismissed Aragon’s complaint because of his failure to file with the Industrial Commission a petition to review the award and order of the Industrial Commission, as required by C.R.S. 1963, 81-14-6 and 7. It is conceded that no petition to review the award and order of the Industrial Commission was filed with the Industrial Commission within fifteen days of the order, or at all. Aragon contends that he is somehow excused from filing such a petition for review because of the alleged insufficiency of the findings of the referee, which findings were adopted and approved by the Industrial Commission. It is said that since the findings of the Industrial Commission were a “nullity,” ergo, no petition for review was necessary as a prerequisite to judicial review of the order of the Industrial Commission denying the claim for compensation benefits.
Whether the findings of the referee which were adopted and approved by the Industrial Commission were skimpy or not, there nevertheless was a formal order of the Industrial Commission denying Aragon’s claim for compensation benefits. The applicable statute is quite clear: it provides that no action to set aside, vacate or amend any finding, order or award of the Industrial Commission shall be brought unless a petition to review the order of the Industrial Commission is filed with the Industrial Commission within fifteen days of the order or award. No such petition having been filed in the instant case, the trial court had no jurisdiction to review the proceedings and award of the Industrial Commission, and in this circumstance the trial court acted quite properly in dismissing Aragon’s complaint. See Industrial Commission v. Plains Co., 127 Colo. 506, *341 259 P.2d 282, and Stacks v. Industrial Commission, 65 Colo. 20, 174 Pac. 588.
The judgment is affirmed.
Mr. Chief Justice Sutton and Mr. Justice Frantz concur.