No. 21986.

DELORES MAE HEMILLER DAVIS *v.* INDUSTRIAL COMMISSION OF COLORADO, STATE COMPENSATION FUND AND MIDWEST LIQUOR CO., A CORPORATION.
(420 P.2d 147)

Decided November 7, 1966.     Rehearing denied December 5, 1966.

BENTLEY M. MCMULLIN, for plaintiff in error.

DUKE W. DUNBAR, Attorney General, FRANK E. HICKEY, Deputy, PETER L. DYE, Assistant, for defendant in error Industrial Commission of Colorado.

ALIOUS ROCKETT, FRANCIS L. BURY, FEAY BURTON SMITH, JR., for defendants in error State Compensation Fund and Midwest Liquor Company.

*In Department.*

Opinion by MR. JUSTICE MCWILLIAMS.

THIS is a workmen's compensation case and concerns the failure of the claimant to file a petition to review the final award of the Commission, as such is required by C.R.S. 1963, 81-14-6 and 7.

In 1957 Leland W. Davis, who was a long-haul truck driver for the Midwest Liquor Company, suffered a non-fatal heart attack as the result of unusual and prolonged physical exertion arising out of and in the course of his employment. As a result of this "accident" Davis made claim for, and did receive, compensation benefits for a period of some thirteen months.

Thereafter, Davis went back to work as a long-haul truck driver for Midwest, though he was under instructions from his doctor not to engage in any violent or prolonged physical activity.

On February 19, 1961, Davis died in Nebraska while driving a truck for Midwest to Indiana. More specifically, Davis was found dead at the steering wheel of his truck under circumstances which indicated rather clearly that just before his demise he had entered the truck cab and was in the process of starting the vehicle when he suddenly collapsed and died.

Surviving Davis was his wife, Delores Mae Hemiller Davis; their infant daughter, Diana Lee Davis; and one Raymond Walter Davis, who was a minor son of the deceased by a prior marriage. As an outgrowth of this death, claim was made before the Industrial Commission against the deceased's employer, the Midwest Liquor Company, and its insurer, the State Compensation Fund, for workmen's compensation benefits on the premise that Davis' death in 1961 was the result of an accident arising out of and in the course of his employment.

Alternatively, a request was also made to the Industrial Commission to reopen the earlier compensation proceeding stemming from the heart attack suffered by Davis in 1957. This was done on the premise that *if* it should be determined that Davis' death in 1961 was not an industrial accident within the meaning of the statute, his death in such event "resulted" from the heart attack he had previously suffered in 1957. This motion to reopen was granted, and the 1957 proceeding was for purposes of hearing consolidated with the claim filed shortly after Davis' death in 1961.

After hearing, the referee, in what he chose to denominate as a "supplemental order," denied the claim for death benefits on the ground that the claimants had failed to prove that the deceased died as the result of an accident arising out of and in the course of his employment. In like manner, the referee also held that the claimants had similarly failed to prove that Davis' death "resulted" from the heart attack suffered by him in 1957.

Within the time provided for in C.R.S. 1963, 81-14-6, the claimants filed a petition for review. Thereafter, on

June 22, 1964, the Industrial Commission entered a formal order "approving, affirming, and adopting" the so-called "supplemental" orders theretofore made by the referee.

It is admitted that thereafter no petition to review the order of the Industrial Commission was filed, as such is provided for, and indeed required by, C.R.S. 1963, 81-14-6 and 7. Rather, some sixteen days after the date of the Industrial Commission's order denying the claim for death benefits, complaint was filed in the district court seeking judicial review of this administrative decision. In the complaint the following were designated as parties plaintiff: Delores Mae Hemiller Davis; Diana Lee Davis, a minor by Delores Mae Hemiller Davis; and Raymond Walter Davis, a minor by Adeline Berridge, his next friend.

The named defendants, *i.e.*, the employer and the Fund, filed a motion to dismiss on the ground that the plaintiffs, and each of them, had failed to comply with C.R.S. 1963, 81-14-6 and 7 relating to the filing of a petition to review a final order and award of the Commission. In response thereto, the plaintiffs filed a motion wherein they sought to have the trial court remand the entire matter back to the Commission on the ground, among others, that none of the plaintiffs had been given adequate notice of the final award of the Commission.

Upon hearing the trial court found that as to the two minor children there had indeed been inadequate notice. Accordingly, it ordered that the matter, as it related to the two minor children, be remanded to the Commission with the direction that the Commission give proper notice of its award to them. Neither the employer nor the Fund have in anywise challenged the correctness of this portion of the judgment. It should be noted, also, that the trial court made no effort to retain jurisdiction of this matter by directing that once proper notice was given the two minor children of the deceased, the matter be returned to the trial court. On the contrary, it

was apparently the intent of all concerned that once the Commission had given proper notice to the two minor children and had entertained any petition for review, and had thereafter made its "final" award, whatever it might be, then the aggrieved party, whoever he might be, if he sought judicial review would then institute new proceedings in the district court.

As concerns the remaining party plaintiff, Delores Mae Hemiller Davis, widow of the deceased, the trial court entered a judgment which merely "affirmed" the award of the Commission as such related to her claim. By writ of error Delores Mae Hemiller Davis, who will herein-after be referred to as the claimant, seeks reversal of the judgment.

Claimant initially attacks the form of the judgment entered by the trial court which, as noted, merely "af-firmed" the award of the Commission as it related to her particular claim for death benefits. In this regard, it is said that instead of "affirming" the award of the Com-mission, which would indicate a consideration of the matter on its merits, the trial court under the circum-stances could only have granted the motion to dismiss filed by the employer and the Fund and thereafter should have simply dismissed the claimant's complaint for lack of jurisdiction because of her failure to file a petition for review. Like counsel, we too assume that the trial court did not "affirm" the award of the Com-mission on its merits, but in reality dismissed the claim-ant's complaint because of procedural irregularities. In any event, *if* the trial court is without jurisdiction to entertain this claimant's complaint, the matter should be resolved here and now, and that is what we propose to do.

No contention, as such, is made in this court that this particular claimant did not herself receive actual notice of the award of the Commission denying her claim for death benefits. In this regard, however, it is suggested that, under C.R.S. 1963, 81-14-6 (4), until such time as *all*

parties in interest are given due notice of the award of the Commission, the statutory time within which a petition to review may be filed does not commence to run, even as against the party in interest who has in fact received actual notice. In other words, as we understand it, this claimant argues that because the minor children of the deceased did not receive "due notice" of the award of the Commission, her time within which she may file a petition to review has not even yet begun to run, even though she herself did in fact receive "due notice" that her claim had been denied. The only authority cited in support of this proposition is the aforementioned statute itself. And in our view this statute simply does not lend itself to such an interpretation. To so hold would be most illogical and would give an unwarranted and unjustified meaning to a statute which to us is couched in rather clear and understandable English.

■ Claimant's main argument in this court is that the Commission's "purported" final award was a "nullity" because certain statutory procedures were not followed by the referee. The award, then, being a nullity, it is argued that the claimant was therefore under no duty to file any petition to review the Commission's so-called "invalid" order. The claimed procedural irregularity committed by the referee relates to C.R.S. 1963, 81-14-4. After hearing, the refree entered what it chose to label as a "supplemental order"; claimant contends this was a grave procedural error because the statute contemplates at this stage of the proceedings only a *summary* order, and not a *supplemental* order. It should be remembered that this was a "consolidated" hearing which included the earlier claim filed in 1957. Perhaps this was the reason for the referee's characterization of his order. But supplemental order, or summary order, such does not excuse a claimant such as the instant one, from filing a petition to review the *ultimate* and *final* award of the Commission itself.

In this particular connection, what is basically the

same argument was considered and rejected by us in *Aragon v. Industrial Commission,* 159 Colo. 338, 411 P.2d 331. We think no more need be said in connection with this point.

Finally, it is suggested that because the matter was remanded to the Commission as concerns the two minor children of the deceased, it must necessarily also be remanded as to this claimant. No authority is cited for this proposition, and we simply do not accede to this contention. All of the various persons who may claim death benefits as the result of an industrial accident are not necessarily on the same legal footing.

All things considered, we are convinced that unless we are going to ignore the applicable statutory provisions, the trial court had no jurisdiction to entertain the claimant's attempted review of the award of the Commission denying her claim for death benefits. Such being the case, the judgment of the trial court, which upheld the Commission's denial of the claimant's claim, is affirmed.

MR. JUSTICE DAY and MR. JUSTICE PRINGLE concur.