Mr. Justice Lee
delivered the opinion of the Court.
This is a workmen’s compensation case. Plaintiff in error, Stephen B. Hard, was respondent in the proceedings before the Industrial Commission and suffered an adverse ruling in favor of claimant, George Solis, who obtained an award for injuries received in an industrial accident.
Hard appeared at the hearings before the referee without benefit of counsel. After the adverse decision of the referee, which was entered on July 17, 1968, and modified by a supplemental order on July 18, 1968, Hard employed counsel to seek reversal of the award.
On July 24, 1968, counsel for Hard filed a motion for rehearing in which he prayed that the Commission “reopen and rehear” the matter on the grounds that respondent Hard had not had an opportunity to consult with an attorney and was not represented by an attorney at the hearing, and that in the interests of justice respondent was entitled to be heard with counsel to show that he should not be held liable for claimant’s compensation benefits. In response to this motion, the referee by letter notified respondent that the statute, C.R.S. 1963, 81-14-6, regarding petitions for review of a referee’s order, did not comprehend a motion for rehearing such as was filed by respondent. Respondent was further advised that his time to appeal expired on August 1, 1968. In response to this advice, respondent moved for additional time and was granted until August 12, 1968, to appeal.
Respondent did not, however, file a petition for review, nor did he furnish a transcript of the hearings for filing with the referee as required by C.R.S. 1963, 81-14-6(3). Instead, respondent commenced an action directly in the district court to set aside the Industrial Commission order. Motions to dismiss were filed on behalf of defendants in error, asserting as grounds for dismissal that respondent had failed to exhaust his administrative remedies of review before the Commission *54 and the district court therefore was without jurisdiction of the subject matter of the action.
The district court dismissed the action but granted respondent thirty days in which to file an amended complaint. Motions to dismiss the amended complaint upon the same grounds were filed and, after hearing, the court entered its order in the following language:
“After hearing the arguments of counsel, the Court concluded that the matter was not ready to be before this Court. The Court assumes jurisdiction for the purposes of remand only, and remands this matter to the Industrial Commission of the State of Colorado for such further proceedings as it deems appropriate.”
The basis for the court’s order of remand does not appear in the record. However, it is noted that a complete record of the proceedings before the Commission was never lodged in the district court.
After remand, upon request of the claimant, the Commission issued its certified copy of award which was then docketed in the district court pursuant to C.R.S. 1963, 81-5-7 (3), for the purpose of reducing the award to judgment. Upon claimant’s motion judgment was entered against respondent for $1,100 and a writ of attachment was issued pursuant to the judgment. A stay of execution of the judgment, pending review, was granted by this Court upon respondent’s posting a $1,500 bond.
Respondent contends the judgment should be reversed with instructions that the proceedings against respondent be dismissed or, in the alternative, a new hearing be granted before the Commission. The reasons assigned for this relief are no less confusing than the record presented for review.
On the other hand, defendants in error assign error to the district court’s failure to grant their motions to dismiss the direct proceedings filed in the district court to review the Industrial Commission action.
We hold that the district court erred in not granting the motions to dismiss the district court action *55 brought to set aside the award of the Commission. The record, although generally confusing, clearly reveals that respondent did not exhaust his administrative remedies of review by the Commission, which, in the language of Brown v. C. F. & I. Corp., 111 Colo. 253, 140 P.2d 619, is.an indispensable prerequisite to the bringing of an action in the district court to set aside an order or award of the Commission. This Court has repeatedly held that the requirements of administrative review commanded by C.R.S. 1963, 81-14-6 and 7, are mandatory, may not be avoided by the party seeking relief, and may not be waived by the Commission. Such compliance is jurisdictional, without which the district court may not entertain an action to review the proceedings of the Commission. Davis v. Indus. Comm., 161 Colo. 80, 420 P.2d 147; Aragon v. Indus. Comm., 159 Colo. 338, 411 P.2d 331; Industrial Com. v. Plains Co., 127 Colo. 506, 259 P.2d 282. Inasmuch as compliance with the procedural requirements at the administrative level was not shown, the district court should have forthwith dismissed the action, and the remand to the Commission for further proceedings was inappropriate.
The award of the Commission having become final by reason of respondent’s failure to pursue administrative review, it was proper for the claimant to reduce the award to judgment as provided by C.R.S. 1963, 81-5-7(3). The entry of judgment by the district court pursuant to claimant’s motion was properly accomplished.
The order of the district court remanding the matter to the Industrial Commission for further proceedings is reversed with instructions to dismiss the action. The entry of judgment by the court in favor of claimant on the award of the Commission is hereby affirmed.
Mr. Justice Erickson not participating.