Hilda **PASSARETTI**, Petitioner,

v.

The **INDUSTRIAL COMMISSION of the State of Colorado, Helen's Mobile Catering, and Kemper Insurance Co., Respondents.**

No. 85CA0464.

Colorado Court of Appeals, Div. I.

Nov. 14, 1985.

Hilda Passaretti, pro se.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Mary Karen Maldonado, Asst. Atty. Gen., Denver, for respondent Industrial Com'n.

White & Steele, P.C., John P. Craver, Denver, for respondent Kemper Ins. Co.

No Appearance for respondent Helen's Mobile Catering.

KELLY, Judge.

In this proceeding, Hilda Passaretti (claimant) seeks to enforce a final order of the Industrial Commission which held that Helen's Mobile Catering (employer) was uninsured, and awarded claimant a 50 percent penalty pursuant to § 8–44–107(1), C.R.S. (1985 Cum.Supp.). Claimant does not object to the Commission's findings or conclusions, but asks this court's assistance in enforcing the award. We dismiss the petition for lack of jurisdiction.

Claimant suffered an injury on October 9, 1981. Thereafter, a dispute arose between the employer and its putative insurer, Kemper Insurance Company (insurer), concerning whether the employer was covered by workmen's compensation insurance.

On May 24, 1982, a hearing was held on compensability. Both the employer and insurer appeared at the hearing, and both cross-examined the claimant. However, the coverage question was deferred to a later time.

Subsequently, on June 10, 1982, the referee entered an order which held that claimant's injury was compensable. The employer and the insurance company were ordered to pay temporary total disability benefits plus medical expenses. Numerous documents and pleadings were then filed concerning the question whether the employer was covered by insurance. Finally, on May 15, 1984, the referee entered an order holding that the insurer had effectively cancelled the employer's policy. Therefore, the employer was required to pay all benefits previously ordered plus the 50 percent penalty for failure to insure.

Claimant filed a petition to review this order. The petition alleged, among other things, that the referee should have conducted an evidentiary hearing on the coverage question, and should have made additional findings. The Commission rejected these arguments and affirmed the referee.

In this proceeding, claimant asks only that the court "assist" her in recovering the money she was awarded. She suggests garnishment as a method of enforcement.

This court's authority to review orders of the Industrial Commission is restricted to modification or vacation based on a finding that the Commission exceeded its authority; that the order was procured by fraud; that the findings do not support the order; or that the evidence does not support the findings. Sections 8–53–119 and 8–53–120, C.R.S. (1985 Cum.Supp.). The Workmen's Compensation Act does not afford this court any authority to enforce the Commission's orders in the manner requested by claimant.

To the contrary, enforcement of awards is to be sought through the district courts. Section 8–44–107(3), C.R.S., provides that awards of the Commission may be recorded in the judgment book of the district court, and "shall thenceforth have all the effect of a judgment of the district court, and execution may issue thereon." *See Hard v. Industrial Commission*, 174 Colo. 51, 482 P.2d 353 (1971).

Further, this is not a case in which claimant asserts that the Commission has refused to take statutorily mandated action to enforce an award. *See Coursey v. Industrial Commission*, 82 Colo. 311, 259 P. 514 (1927).

Under these circumstances, this court lacks jurisdiction to consider the "issue" raised by claimant, or grant the relief requested.

The petition to review is dismissed.

PIERCE and BABCOCK, JJ., concur.