No. 13,249.

Roper v. Industrial Commission et al.

(25 P. [2d] 725)

Decided September 5, 1933. Rehearing denied October 9, 1933.

Mr. S. D. Brosius, for plaintiff in error.

Mr. Paul P. Prosser, Attorney General, Mr. Morris S. Ginsberg, Assistant, Mr. Fred W. Varney, for defendants in error.

*In Department.*

Mr. Justice Bouck delivered the opinion of the court.

This is a mandamus proceeding brought in the district court of Pueblo county against the insurer of an employer under the Workmen's Compensation Act of Colorado. The petitioner sought to compel payment of an amount which he alleged to be due under a certain "rule of procedure" adopted by the Industrial Commission in 1928, but now superseded. The court declined to issue the writ, and the petitioner asks for a reversal.

The controversy has been before us at a previous stage. *Industrial Commission v. Roper,* 91 Colo. 125, 12 P. (2d) 349. That was a proceeding for review under the procedure prescribed by the act itself. The opinion there shows that the petitioner Roper had received a compensable injury; that the insurer admitted liability and agreed to pay compensation during disability; that at the request of the insurer certain hearings were had to determine the extent of the disability, which the commission undertook to do, fixing June 30, 1930, as the termination of temporary disability, and denying permanent disability; that the district court vacated the order and award of the commission and ordered the case remanded

to the commission for further hearing. This court approved the remand on the ground that there was not sufficient evidence to sustain the finding as to the date when temporary disability ended, but disapproved the lower court's order that compensation be paid until July 7, 1930, which purported to be based upon one of the commission's "rule of procedure." The rule was not pleaded and did not appear in the record then before us, and we therefore held that the district court ought not to have considered it. The judgment was modified accordingly and so affirmed. It is evident that the case was sent back to the commission for further hearing. Whether further proceedings were had in accordance with the judgment of this court does not clearly appear.

■ We now have before us the mandamus petition denied by the district court as stated at the beginning. It sets forth the rule above referred to and alleges the violation of this rule by the insurer. It also alleges Roper's filing of a motion before the commission to require the insurer's paying forthwith, in alleged compliance with the rule, an amount of compensation figured by Roper up to May 25, 1931 (he expressly waiving or relinquishing his right to further compensation after said date), "less, however, such sum or sums as insurer can show by receipts or otherwise, that it has paid said admitted compensation, which by calculation amounts, approximately, to six hundred twenty-two dollars." Thus it clearly appears that a question of fact existed which evidently had not been determined. It can be determined only by the commission itself. True, the petition states that "said commission neglects and refuses to require or compel said insurer to comply with said agreement and rule of procedure though possessing plenary power so to do, and neglects and refuses to rule on said claimant's motion as above set forth, but instead thereof, the said commission, without any application before it from said insurer to consider, or upon which to make a finding and award, is proceeding without and in excess of its au-

thority; to notice and hold a hearing, and in fact has held a pretended hearing, and to fix a conjectural and speculative date for the termination of petitioner's disability and suspension of payments, when in truth and in fact as shown by the records of the original proceedings, and as heretofore alleged, your petitioner by voluntary act relinquished his claim to compensation from and after May 25, 1931, and the said commission could not now, under its own rules, * * * make a finding and award antedating said date * * *.''

It is plain that Roper seeks to review by the extraordinary writ of mandamus what under his allegations could be inquired into (if indeed it has not already been inquired into) in the regular way prescribed by the act itself and with the full right of review by the courts as therein given. One of the fundamental aims in adopting the act was that of substituting for any and all previously existing remedies the special procedure supplied by the act. Anything that tends to complicate the issues arising out of claims for compensation or to take the disposition thereof away from the commission must be firmly discouraged. In the case at bar the petitioner had it within his power—if he does not still have it in his power—to try out before the commission any question he could reasonably wish to present, subject to full court review as stated. We certainly cannot permit mandamus to be invoked for the purpose of testing the meaning or validity of a mere rule of procedure when the commission which framed it has seen fit to disregard it, presumably in the interest of substantial justice. That part of the rule relied upon by the petitioner has since been repealed. A rule of procedure is only a means to an end; it is primarily for the enforcement of substantive law and the rights arising therefrom. Since the petition herein shows that there is neither a clear legal right in the petitioner nor a clear legal duty corresponding thereto, the mandamus writ was properly denied. We are not to be understood as saying that the commission may not

even at this late day proceed to a hearing on the merits (provided there has not already been such a hearing after due notice to the petitioner). If such hearing is so held, both sides will be entitled to use the statutory review procedure.

Judgment affirmed.

MR. CHIEF JUSTICE ADAMS, MR. JUSTICE BURKE and MR. JUSTICE HILLIARD concur.