No. 21617.

EMMA O. VIGIL *v.* INDUSTRIAL COMMISSION
OF THE STATE OF COLORADO.
(413 P.2d 904)

Decided April 25, 1966.    Rehearing denied May 23, 1966.

GERALD A. KAY, for plaintiff in error.

DUKE W. DUNBAR, Attorney General, FRANK E. HICKEY, Deputy, PETER L. DYE, Assistant, for defendant in error.

*En Banc.*

MR. CHIEF JUSTICE SUTTON delivered the opinion of the Court.

THIS is a Workmen's Compensation case which concerns a claim for compensation filed by Emma O. Vigil,

a widow, for benefits assertedly due her as a dependent following the death of her husband, Fred A. Vigil.

Emma claimed that sometime about July 31, 1961, Fred had suffered certain scratches on his leg while at work in a missile silo east of Denver. She also claimed that on August 23, 1961, he died either due to a hypersensitive reaction to an antibiotic drug (evidently administered as a result of the scratches) or due to his having been exposed to nitrogen gas while on the job.

The Referee, on September 4, 1962, found, among other things, from the evidence before him "* * * that the dependent claimant herein failed to establish that decedent sustained any accident arising out of and in the course of his employment on August 23, 1961, or that decedent's death resulted from an accidental injury." The Commission affirmed, and on petition to review, reaffirmed its Referee's Order denying compensation. Emma next petitioned the Commission to reopen and review her claim under C.R.S. 1963, 81-14-19. This request was refused. The Commission's Final Order entitled "SUPPLEMENTAL AWARD" denying compensation was entered on November 19, 1963. On April 10, 1964, claimant, however, again sought to reopen her case with the Commission. This petition was denied on April 20, 1964. On May 5, 1964, Emma filed a Complaint For Issuance of Citation to Show Cause Under Rule 106 in the Denver District Court. Therein she claimed that the Commission had abused its discretion in that it failed to find specific evidentiary facts so that the claimant "could have a foundation" for an appeal to the courts. This, too, was of no avail when, on July 30, 1964, the trial court entered a judgment against her on a Motion to Dismiss. She now seeks relief under R.C.P. Colo. 106(2) and (4) in this court by writ of error.

We thus have posed for determination the sole question as to whether a claimant, who fails to seek a review of a Commission Order in the District Court within the twenty day period specified by C.R.S. 1963,

81-14-7, is thereafter barred from asking judicial review; or, whether such a claimant can obtain what amounts to similar relief by asserting a right under R.C.P. Colo. 106(2) and (4).

C.R.S. 1963, 81-14-8 reads in pertinent part:

*"Jurisdiction of courts to review order or award — venue — parties. —* Any person in interest, * * * being dissatisfied with any such finding, order or award of the commission issued or promulgated by virtue of the authority conferred in this chapter, may commence an action in the district court in and for the county wherein the injury was sustained or in the district court in and for the city and county of Denver against the commission as defendant to modify or vacate the same on the ground herein specified in which action any adverse party shall also be made a defendant; * * *".

In our view, this statute provides the sole remedy for this claimant's cause of action; and, having failed to proceed thereunder in apt time (*i.e.,* within twenty days after November 19, 1963) she was and is barred from seeking alternative relief as attempted here. The wording of the statute is definitive, clear and *exclusive.* See *Industrial Comm'n v. Plains Util. Co.,* 127 Colo. 506, 259 P.2d 282 (1953); *Roper v. Industrial Comm'n,* 93 Colo. 250, 253, 25 P.2d 725 (1933); *Tyler v. Hagerman,* 88 Colo. 60, 63, 291 Pac. 1033 (1930); *Stacks v. Industrial Comm'n,* 65 Colo. 20, 23, 174 Pac. 588 (1918). We, therefore, reaffirm that the statutory method is the prescribed route one must use to secure judicial review of a claim such as the instant one. See *Aragon v. Industrial Comm'n,* 159 Colo. 338, 411 P.2d 331 (1966).

We see nothing in R.C.P. Colo. 106(a)(2) or (4) that can apply to this situation. Subsection (a)(2), for example, permits the granting of relief to compel an "inferior tribunal, corporation, board, officer or person" to perform some required duty or act. In the case at bar it is not that the Commission failed to act that is really objected to, but the true complaint is *how* it

acted. The latter, we again point out, is what one tests by the statutory review filed in apt time in the district court. As to Subsection (a)(4), it cannot be viably argued that under these facts the Commission exceeded its jurisdiction or abused its discretion or that there was no plain, speedy or adequate remedy provided by C.R.S. 1963, 81-14-7 and 8. Although Rule 106(b) might seem to indicate a duality of relief is possible, that Subsection, of course, has to be read together with the balance of the Rule. When so examined in connection with Subsections (a)(2) and (4), it is clear that (b) must be so interpreted as not to defeat the limitations in (a)(2) and (4). The latter is precisely what this claimant aspires to do and is what she cannot do for the aforementioned reasons.

In view of the fact that claimant failed to file her complaint in the district court within the required twenty days, that court had no jurisdiction to grant her any relief; and we therefore hold that it correctly dismissed her cause of action. In this connection it was pertinently stated by this court in the *Plains Utility* case, *supra,* as follows concerning rights of claimants arising under our Workmen's Compensation Act:

"\* \* \* We also should recognize that the Workmen's Compensation Act gives a right of action which did not exist at common law. \* \* \* Our Workmen's Compensation Act specifies in definite terms the time within which a right under said Act accrues and can be enforced. The time factor in the Act is a limitation or condition precedent attached to the right. It is a limitation on the liability itself and not alone on the remedy. By a limitation upon the right of action, there must be a compliance with the statutory provisions before the injured employee is entitled to the benefits of the Act. Compliance is not a procedural matter; \* \* \*

"\* \* \* The following decisions of our own court support us in our position that in order to avail oneself of the provisions of the Workmen's Compensation Act the

procedure for review of the referee's or commission's finding or award must be followed, and unless followed, the order or award of the referee or commission may not be reviewed by this court. * * * (Citing cases)."

The judgment is affirmed.

MR. JUSTICE MCWILLIAMS not participating.