No. 22793.

JAMES ELLIS HENSON *v.* THE PEOPLE OF THE STATE OF COLORADO.
(430 P.2d 475)

Decided July 24, 1967.

James Ellis Henson, pro se, plaintiff in error.

Duke W. Dunbar, Attorney General, Frank E. Hickey, Deputy, John P. Moore, Assistant, for defendant in error.

*En Banc.*

Mr. Justice McWilliams delivered the opinion of the Court.

On March 23, 1965 Henson pled guilty to the charge of robbery and was thereafter sentenced to a term of from six to ten years in the state penitentiary. At his arraignment Henson was represented by court appointed counsel.

On March 21, 1966 Henson, appearing pro se, filed a motion to vacate sentence under Colo. R. Crim. P. 35(b). In this motion Henson sought to have the aforementioned sentence set aside and his plea of guilty vacated on the grounds that such plea was allegedly obtained through the use of coercion, threats and intimidation. This motion was denied by the trial court on March 30, 1966.

Henson thereafter did not seek any review by us of the aforementioned order wherein the trial court denied

his motion under Rule 35(b). However, on January 20, 1967 Henson did file, pro se, in the trial court a second motion to vacate under Rule 35(b), alleging therein the same grounds that he had previously urged in his first motion. The trial court summarily denied this second motion to vacate and by this writ of error Henson now seeks review of the judgment thus entered by the trial court.

Rule 35(b) provides that an order of the trial court granting or denying a motion under this particular rule is a final order reviewable on writ of error. This same rule also provides that "[t]he court need not entertain a second motion or successive motions for similar relief on behalf of the same prisoner."

Accordingly, the order of the trial court entered on March 30, 1966 denying Henson's motion to vacate was a final order reviewable on writ of error. Henson, however, thereafter failed to avail himself of the right to have us review the propriety of the trial court's denial of his motion. Therefore, when Henson about a year later filed a second motion to vacate in which he re-urged the same grounds raised in his first motion, the trial court under Rule 35(b) "need not entertain" such second and successive motion. Hence, the trial court did not err in summarily denying the second motion to vacate. It should be emphasized that this is not an instance where Henson was without a remedy. On the contrary, he had a remedy but lost it through his own inaction.

The judgment is affirmed.