No. 23789.

The People of the State of Colorado ex rel. James D. McKevitt, District Attorney, Second Judicial District, State of Colorado *v*. Donald L. Harvey, Don C. Harvey, and Mark Harvey.

(491 P.2d 563)

Decided December 6, 1971.

JAMES D. McKEVITT, District Attorney, GREGORY A. MUELLER, Assistant, JAMES W. CREAMER, JR., Chief Deputy, EDWARD A. SIMONS, Deputy, H. ALAN DILL, Deputy, for plaintiff in error.

HOFFMAN, GOLDSTEIN & ARMOUR, RICHARD C. LONNQUIST, for defendants in error.

*En Banc.*

MR. JUSTICE ERICKSON delivered the opinion of the Court.

In an ex parte proceeding which occurred on July 15, 1968, the Denver Police Department obtained a search warrant that authorized the seizure of obscene materials located on the business premises of the defendants in error. *See* C.R.S. 1963, 40-9-19. Armed with the warrant, police officers proceeded to the premises and conducted a thorough search which lasted approximately two and one-half hours. The search resulted in the seizure of

several hundred articles which the officers examined and determined to be obscene. In addition, the officers seized suspected bookmaking material and a small quantity of suspected marijuana. The suspected marijuana was found in a three-eighths inch clothes rod located within a closet.

Thereafter, on July 24, 1968, the district attorney filed a complaint for injunctive relief under the provisions of C.R.S. 1963, 40-9-22. The complaint was filed to prevent the defendants from committing any of the acts prohibited by C.R.S. 1963, 40-9-16 (Importing obscene books or prints) and C.R.S. 1963, 40-9-17 (Exhibiting, selling, or possessing obscene books). The articles seized by the police officers were listed on an exhibit which was attached to the complaint. A temporary injunction was issued, and a hearing to determine whether the temporary injunction would be continued was scheduled for August 21, 1968. At the conclusion of the August 21st hearing, the trial judge dissolved the temporary injunction. In lieu of the original injunction, he issued another temporary injunction which specifically enjoined the sale of a more limited number of publications, all of which the court had held to be obscene.

Because the court failed to hold that all of the exhibits presented by the People were obscene, the district attorney brought this appeal. By way of cross-error, the defendants contend that neither the issuance of the search warrant nor the search itself can withstand scrutiny under the First, Fourth, and Fourteenth Amendments to the United States Constitution. As a result, they argue that all of the articles which were seized pursuant to the search warrant should have been suppressed.

Pronouncements of the United States Supreme Court force us to conclude that the defendants' motion for suppression should have been granted. We, therefore, find it unnecessary to consider whether the trial court applied the correct tests for determining whether the materials were obscene.

██ The United States Supreme Court has held that a search for obscene materials may not be conducted until an adversary hearing has been held to determine whether the materials sought to be seized are in fact obscene. *A Quantity of Books v. Kansas,* 378 U.S. 205, 84 S.Ct. 1723, 12 L.Ed.2d 809 (1964). In explanation of this requirement, the Court of Appeals for the Seventh Circuit, in *Metzger v. Pearcy,* 393 F.2d 202 (7th Cir. 1968), stated:

"The lesson of *Books* is that law enforcement officers cannot seize allegedly obscene materials without a prior adversary hearing on the issue of obscenity. Such a seizure violates the First Amendment to the Constitution of the United States, and is a prior restraint condemned by the Supreme Court. . . ."

 While the United States Supreme Court has declined to hold prior restraints of expression unconstitutional *per se* [*Times Film Corp. v. Chicago,* 365 U.S. 43, 81 S.Ct. 391, 5 L.Ed.2d 403 (1961)], any system of prior restraint is subject to a heavy presumption against its constitutional validity. *Bantam Books, Inc. v. Sullivan,* 372 U.S. 58, 83 S.Ct. 631, 9 L.Ed.2d 584 (1963). To be upheld, any restraint which is imposed in advance of a final judicial determination on the merits must be limited to the shortest fixed time period compatible with sound judicial resolution. The procedure must also assure a prompt, final judicial decision. *Freedman v. Maryland,* 380 U.S. 51, 85 S.Ct. 734, 13 L.Ed.2d 649 (1965).

██ Under the criteria laid down by the United States Supreme Court in *A Quantity of Books v. Kansas, supra,* which we are required to follow whether we agree with all facets of the case or not, it is clear that the Colorado procedures outlined in C.R.S. 1963, 40-9-19 and C.R.S. 1963, 40-9-22, failed to satisfy the requirements of the First Amendment. Although C.R.S. 1963, 40-9-19 and C.R.S. 1963, 40-9-22, were repealed as of July 1, 1969, the Legislature directed that such laws shall be treated and held as still remaining in force with respect to those

actions initiated prior to July 1, 1969. The statutory sections are:

"40-9-19. *Search warrant for obscene books.* — A warrant to search for such articles or things named in section 40-9-17 may be issued by any justice of the peace, like other search warrants, and when any of them are found by the officer serving it, they shall be brought before the justice and kept by him, or the officer, to be used as evidence in any case that may arise concerning them or any person connected therewith, and, on the conviction of such offender, or, if such articles shall be found to be such as are prohibited by the provisions. of sections 40-9-17 to 40-9-19, said articles shall be destroyed by order of the court trying the case."

"40-9-22. *Temporary writ of injunction.* — Whenever it is shown in such action to the satisfaction of the court or judge thereof that there is reasonable grounds or cause for said action, either by verified complaint or affidavit or evidence presented, the court or judge shall issue a temporary writ of injunction to prevent and enjoin the commission of the act or any of the acts prohibited by sections 40-9-16 or 40-9-17. No bond shall be required of the district attorney at any time to maintain the said action, or on issuance of a temporary or permanent injunction. Service of notice on the defendants shall not be required on the application for temporary injunction unless so ordered by the court or judge."

Under the Colorado statute, no adversary hearing and judicial determination of obscenity was required prior to the seizure of the allegedly obscene material. Indeed, the determination of the obscenity of the materials herein was left largely to the discretion of the police officers who executed the warrant. This practice was expressly condemned in *Marcus v. Search Warrant,* 367 U.S. 717, 81 S.Ct. 1708, 6 L.Ed.2d 1127 (1961). Furthermore, the restraint imposed by the wholesale seizure was not limited by statute to the shortest fixed time period compatible with sound judicial resolution. This problem was

compounded by the fact that the statute did not provide the defendants with a prompt, final judicial decision, as required by *Freedman v. Maryland, supra.*

An example of a procedure which provides adequate safeguards against undue inhibition of protected expression is the New York injunctive procedure which was upheld in *Kingsley Books, Inc. v. Brown,* 354 U.S. 436, 77 S.Ct. 1325, 1 L.Ed.2d 1469 (1957). The New York procedure postpones any restraint against sale without notice, an adversary hearing, and a prompt, judicial determination of obscenity. The statute provides for a hearing one day after joinder of issue and for a final decision within two days after termination of the hearing. Subject to the due process requirement of adequate notice, joinder of issue can be accomplished almost immediately. In the *Kingsley* case, the defendants were ordered to show cause within four days why they should not be enjoined from distributing the books.

The new Colorado Criminal Code, which was enacted in 1971, provides similar procedural safeguards against undue inhibition of protected expression. Under the Code, procedures relating to search and seizure have been eliminated and provisions authorizing injunctive relief may be utilized to enjoin the promotion of materials and performances which have been the subject matter of a criminal action resulting in conviction. 1971 Perm. Supp., C.R.S. 1963, 40-7-105 (1). Persons sought to be enjoined from promoting obscene material under 1971 Perm. Supp., C R.S. 1963, 40-7-105 (1), are afforded notice, the opportunity for an immediate adversary hearing, and a prompt, final judicial decision on the merits. 1971 Perm. Supp., C.R.S. 1963, 40-7-105 (2) (b) and (d). The statute further provides that persons against whom injunctive relief is sought who were not parties to the criminal action but who are promoting the same material found to be obscene may be required "on a day certain, not less than three days from the day of service of the citation, to appear and show cause why they should not be subject to in-

junctive order in the criminal action. A temporary restraining order may be issued on the first return day restraining the named defendants from promoting the alleged obscene material if the defendants require additional time to prepare for a hearing on the merits." 1971 Perm. Supp., C.R.S. 1963, 40-7-105 (2) (b). If no appearance is made, the injunctive order shall be entered as prayed for in the petition. 1971 Perm. Supp., C.R.S. 1963, 40-7-105 (2) (c). Thus, the procedural infirmities inherent in previous statutes have been eliminated, and law enforcement officers are free to follow the procedures adopted in the Code without constitutional restraint in cases brought under 1971 Perm. Supp., C.R.S. 1963, 40-7-105. Where other injunctive relief is sought which amounts to prior restraint, or where a search warrant is sought, there is required, as we stated, an adversary hearing which may be on short notice. The Legislature, in enacting the new Code, foresaw the constitutional infirmities in the statute in issue and provided adequate procedural safeguards to protect the new statute against any claim of invalidity on the ground of prior restraint. We cannot pass upon the validity of the obscenity provisions of the new Colorado Criminal Code, but the procedures outlined do not have the same infirmities that the Supreme Court of the United States has condemned in statutes which are similar to the one in issue in this case.

Suppression of all the items seized should also have been granted on the ground that the search warrant utilized in this case failed to describe the things to be seized with sufficient particularity. *Stanford v. Texas,* 379 U.S. 476, 85 S.Ct. 1351, 13 L.Ed.2d 431 (1965); *Marron v. United States,* 275 U.S. 192, 48 S.Ct. 74, 72 L.Ed. 231 (1927). By requiring the police officers to seize "[a]ny obscene, lewd, or indecent, or lascivious book, pamphlet . . . [or] picture," the warrant improperly authorized a general search and caused the police officer to be the arbiter of probable cause. The exploratory nature of the

search is also indicated by the fact that the police officers even searched a three-eighths inch clothes rod in a closet and obtained marijuana. Marijuana was not the subject of the search warrant.

Accordingly, we direct that the trial court dissolve the temporary injunction and suppress the articles seized.