## No. 25765

Jarvis W. Seccombe, District Attorney, Second Judicial District, State of Colorado, and the County Court of the City and County of Denver, State of Colorado, and George A. Manerbino, Presiding Judge of Said Court v. The District Court of the Second Judicial District, State of Colorado, and John Brooks, Jr., District Court Judge v. Old Chelsea Theater Productions, Inc., a Colorado Corporation; E. Stuart Groussman; Melvin D. Hanners; Galaxy Cinema Corporation, a Colorado Corporation; Martin J. Baker; Art 16, Inc., A Colorado Corporation; Investors Productions, Inc., d/b/a Studio E, a Colorado Corporation; William C. Houston and Douglas Charles Calvird

(506 P.2d 153)

Decided February 5, 1973.       Rehearing denied February 26, 1973.

Jarvis W. Seccombe, District Attorney, Frederic B. Rodgers, Chief Appellate Deputy, for petitioners.

Barnard Morley, for respondents.

Schwartz & Snyder, Arthur M. Schwartz, for intervenors.

*En Banc.*

MR. JUSTICE GROVES delivered the opinion of the Court.

Following our decision in *People v. Harvey,* 176 Colo. 447, 491 P.2d 563 (1971), the Denver District Attorney instituted certain procedures in the county court for search and seizure in connection with contemplated prosecution of offenses under the Colorado pornography statutes, 1971 Perm. Supp., C.R.S. 1963, 40-7-101 to 40-7-104. In brief, the procedures were as follows: A police officer would view a film and would submit to the court an *ex parte* petition, supported by an affidavit, for a video tape order. If from the petition and affidavit the court found that sufficient cause existed, a video tape order would be issued.

The order would require the district attorney or any peace officer to make a video tape of the film as it was shown on the screen in the theatre. The video tape would then be taken to the court and would be exhibited only under further order of the court. The court would view the film and, if it decided that further proceedings were warranted, a date would be set for an adversary hearing to determine whether probable cause

existed to believe that the film was obscene. After a finding of probable cause, a search warrant would issue for the film.

Pursuant to these procedures, the county court issued a video tape order for two films being exhibited at a theatre owned and operated by Investors Productions, Inc. (Investors). Investors refused to permit the video taping and filed a complaint in the respondent district court seeking a writ in the nature of prohibition against the county court and an injunction against the Denver District Attorney (among others). A hearing was held and the respondent district court: (1) prohibited the county court from conducting any further proceedings against the films in question and against films of certain intervenors in the action; (2) enjoined the Denver district attorney from instituting any further criminal or civil actions based on the procedures outlined above; and (3) ordered the return or erasure of all video tapes of films obtained at theatres owned by Investors and the intervenors. From these orders the petitioners seek relief in the nature of prohibition. We issued a rule to show cause why the relief should not be granted and now make the rule absolute.

C.R.C.P. 106(a)(4) provides in part that a district court may issue a writ in the nature of prohibition to an inferior court which has "exceeded its jurisdiction . . . and there is no plain, speedy and adequate remedy." (Emphasis added.) The briefs in this case are quite limited as to the questions of: (1) the validity of the video tape procedures; and (2) the effect of a finding of invalidity of the procedures upon the county court's jurisdiction to issue the video tape orders. For this reason, we first consider the question of whether Investors had a "plain, speedy and adequate remedy."

As to this point, Investors alleged in its complaint to the district court:

"That the Orders [video tape orders] allowed an illegal search and seizure and an unwarranted intrusion on the property of the plaintiff [Investors].

\* \* \*

"That the plaintiff has no adequate remedy at law and will be forced to defend an expensive obscenity trial unless the

defendants are prohibited from conducting any further proceedings."

■ If, as Investors claim, the video tape orders allowed an illegal search and seizure, we rule that it had a plain, speedy and adequate remedy by motion to suppress evidence and for a return of property pursuant to Crim. P. 41. As was stated in *Prinster v. District Court,* 137 Colo. 393, 325 P.2d 938 (1958), the expense of a trial may not ordinarily be used as grounds for prohibition.

Because Investors did have a plain, speedy and adequate remedy other than by prohibition, we hold that the respondent district court had no jurisdiction under C.R.C.P. 106(a)(4) to issue its writ in the nature of prohibition to the county court. The injunction against the district attorney is inseparably linked with the writ of prohibition. The injunction must fall with the writ.

Having made the foregoing determination, we do not reach the question of whether the procedures followed by the county court in issuing the video tape orders were valid.

The rule is made absolute.