The Honorable Samuel M. KIRBENS, one of the Judges of the County Court, City and County of Denver, Petitioner,

v.

Anthony MARTINEZ, Respondent.

No. 85SC305.

Supreme Court of Colorado,
En Banc.

Sept. 8, 1987.

Stephen H. Kaplan, City Atty., Mark R. Muller, Asst. City Atty., Florence J. Phillips, Counsel for the City of Denver, Colo., for petitioner.

David F. Vela, Colorado State Public Defender, Claudia J. Jordan, Virginia L. Grady, Deputy State Public Defenders, Denver, for respondent.

Joseph N. de Raismes, City Atty., Walter W. Fricke, Asst. City Atty., Boulder, for amicus curiae, City of Boulder.

**ROVIRA, Justice.**

We granted certiorari to review a decision of the court of appeals affirming the Denver District Court's invalidation of a jail sentence imposed by the petitioner, the Honorable Samuel Kirbens, one of the judges of the County Court of the City and County of Denver, on the respondent, Anthony Martinez, for violation of a Denver ordinance. The court of appeals held that the sentence was invalid because the petitioner reinstated the suspended jail sentence after the maximum possible period of imprisonment for the respondent's offense had elapsed. The court held that the petitioner had no jurisdiction to impose a sentence of probation exceeding the maximum term of imprisonment for an ordinance violation and, therefore, the reinstatement of respondent's sentence for a probation violation after the maximum possible imprisonment term had elapsed was void. We also granted certiorari to determine whether subject matter jurisdiction was properly established pursuant to C.R.C.P. 106. We now conclude that the respondent's complaint for relief pursuant to C.R.C.P. 106(a)(4) was unwarranted because an adequate alternative remedy was available and, therefore, the district court and the court of appeals were without jurisdiction to determine the validity of the sentence imposed on the respondent. Accordingly, we reverse the judgment of the court of appeals and remand the case with directions.

**I.**

In December 1981, the respondent was arrested and charged with prostitution in violation of *Denver Revised Municipal Code* § 822.1-1 (1950 & 1979 Rev.).[1] On December 31, 1981, he entered a plea of guilty in the Denver County Court.[2] At

1. This offense is now prohibited by section 38-158 of the current code. *Denver Revised Municipal Code* § 38-158 (1982).

2. The Denver Charter provides that the County Court of the City and County of Denver "shall perform ... all acts and duties required by the constitution or general laws of the State of Colorado or the charter or ordinances of the City and County of Denver now or hereafter required to be performed by the Municipal Court." *Denver City Charter* Art. XIII, § A13.1. The court is given "original jurisdiction of all cases arising under the charter or ordinances of the City and County of Denver...." *Denver City Charter* Art. XIII, § A13.3.

the time, Denver ordinances permitted a maximum jail sentence of 90 days for the offense and a maximum period of probation of one year. *Denver Revised Municipal Code* § 11.10 (1950 & 1958 Rev.), § 154.1 (1950 & 1965 Rev.).[3] The petitioner sentenced the respondent to 90 days in jail, but conditionally suspended the sentence for one year and credited the respondent with seven days served. One of the conditions imposed was that "Defendant shall not be on East Colfax or on the State Capital [sic] grounds area or within a 2 block radius from 4 p.m. to 6 a.m." More than six months later, on July 3, 1982, the respondent was arrested for violating this condition. Subsequently, a hearing was held, and the petitioner reinstated the remaining 83 days of the respondent's jail term.

On July 30, 1982, the respondent filed a complaint pursuant to C.R.C.P. 106 in the Denver District Court seeking an order vacating the reinstatement of the sentence. The complaint alleged that: (1) imposition of the 83–day suspended sentence by the petitioner violated the respondent's fundamental right to travel; (2) that the court had no jurisdiction to reinstate the sentence; (3) that a conditional sentence that exceeds the maximum jail sentence for an ordinance violation is beyond the court's authority; and (4) that the respondent had no other plain, speedy and adequate remedy.

After a hearing, the district court granted relief to the respondent, holding that the respondent's invocation of C.R.C.P. 106 was proper and that the petitioner exceeded his jurisdiction "by using a one (1) year period in making a conditional sentence or probation." The court of appeals affirmed. *Martinez v. Kirbens,* 710 P.2d 1138 (Colo. App.1985).

## II.

At the time of the district court's action in this case, C.R.C.P. 106(a) provided:

> In the following cases relief may be obtained in the district court by appropriate action under the practice prescribed in these rules:
>
> . . . .
>
> (4) Where an inferior tribunal (whether court, board, commission or officer) exercising judicial or quasi-judicial functions, has exceeded its jurisdiction or abused its discretion, and there is no plain, speedy and adequate remedy.[4]

Under the plain terms of that rule and our decisions, a petitioner may not obtain relief under C.R.C.P. 106(a)(4) if an alternate remedy is available that is plain, speedy and adequate. *People v. District Court,* 200 Colo. 65, 612 P.2d 87 (1980); *Seccombe v. District Court,* 180 Colo. 420, 506 P.2d 153 (1973); *Vigil v. Industrial Commission,* 160 Colo. 23, 413 P.2d 904 (1966).

---

3. *Denver Revised Municipal Code* § 11.10 (1950 & 1958 Rev.) provided:

> Whenever in any section of this Code or any section of a rule or regulation promulgated hereunder the doing of any act is required, prohibited, or declared to be unlawful and no definite fine or penalty is provided for a violation thereof, any person, firm, or corporation who shall be convicted of a violation of any such section shall, for each offense, be fined in a sum not more than three hundred dollars ($300.00) or imprisoned not to exceed ninety (90) days, or both so fined and imprisoned.

The ordinance was amended in December 1982 to authorize fines of up to $999 and jail terms of up to 180 days. *See* Denver Ord. 692–82; *Denver Revised Municipal Code* § 1–13 (1982).

*Denver Revised Municipal Code* § 154.1 (1950 & 1965 Rev.) provided:

> *Probation.* Whenever any person shall be adjudged guilty of the violation of any ordinance of the City and County of Denver,

where the court has discretion as to the penalty, and it shall appear to the satisfaction of the court that the ends of justice and the best interests of the public, as well as the defendant, will be best served thereby, the county court shall have the power to suspend the imposition or execution of the sentences for such period and upon such reasonable terms and conditions in conformity with this article as it may deem best. Such court, subject to the provisions of this article, may revoke or modify any condition of probation, or may change the period of probation. The period of probation, together with any extension thereof, shall not exceed one year.

The current version of this ordinance is now contained in *Denver Revised Municipal Code* § 14–61 (1982).

4. Effective January 1, 1986, the rule was substantially amended. *See* C.R.C.P. 106, 7A C.R.S. (1986 Supp.).

Proceedings authorized by C.R.C.P. 106(a)(4) are extraordinary in nature, *County Court v. Ruth*, 194 Colo. 352, 356, 575 P.2d 1, 3 (1977), and accordingly, may not be employed as a substitute for prescribed appellate procedures. *People v. District Court*, 200 Colo. 65, 612 P.2d 87 (1980); *Vigil v. Industrial Commission*, 160 Colo. 23, 413 P.2d 904 (1966); *cf. Town of Vail v. District Court*, 163 Colo. 305, 430 P.2d 477 (1967); *Prinster v. District Court*, 137 Colo. 393, 325 P.2d 938 (1958); *Pierce v. Hamilton*, 55 Colo. 448, 135 P. 796 (1913). As we said in *Leonhart v. District Court*, 138 Colo. 1, 6, 329 P.2d 781, 783 (1958):

> A superior court should exercise great caution and circumspection before issuing a rule to show cause to an inferior tribunal, and then only when such court is satisfied that the ordinary remedies provided by law are not applicable or are inadequate. Only in exceptional cases or classes of cases should applications of this character be allowed.

In this case, the respondent could have sought relief pursuant to C.M.C.R. 235, which provides:

> The court may correct an illegal sentence at any time. It may, on motion of defendant or on its own motion, correct a sentence not conforming to the applicable charter or ordinance violation, either by amending the sentence and record thereof, or, when circumstances require, by vacating the sentence previously imposed and resentencing the defendant.[5]

Had the county court denied such a motion for correction of the sentence, the respondent could then have appealed the decision. *Cf. Henson v. People*, 163 Colo. 302, 430 P.2d 475 (1967); Crim.P. 35(c)(3); § 13–6–310(1), 6 C.R.S. (1973). The proper forum for such an appeal, at the time in question, would have been the Denver Superior Court and not the district court. *See* § 13–7–102(1), 6 C.R.S. (1973); § 13–6–

310(3), 6 C.R.S. (1973); Crim.P. 37(i). The court of appeals would not have had jurisdiction to review any further attempt to appeal. §§ 13–4–102(1)(f), and 13–6–310(4), 6 C.R.S. (1973).[6]

However, by proceeding pursuant to C.R.C.P. 106(a)(4), the respondent denied petitioner the opportunity to review the merits of his contention and circumvented the potential appellate review of the Denver Superior Court in favor of extraordinary review by the Denver District Court.

The record contains no indication that review pursuant to C.M.C.R. 235 and appeal to the superior court would have been less than adequate. Before the district court, the respondent's attorney conceded that appeal was an available remedy in this case, but contended that did not preclude review pursuant to C.R.C.P. 106(a)(4). She argued that:

> My client is obviously indigent. He is represented by the Public Defender's Office. An appeal bond would be unduly burdensome, and at the rate things are going to Superior Court, that would take up to two years. My client would have served his 83 days in jail; and therefore, there is no plain, speedy and adequate remedy at law.

We disagree with this line of argument. The fact that the appellate process through the superior court may have been somewhat slower than extraordinary review in the district court does not warrant circumvention of established procedures. If it did, virtually every defendant would be justified in bypassing the superior court in favor of extraordinary review. Further, indigent defendants are not invariably required to post bail pending an appeal after their conviction. C.M.C.R. 237(b); Crim.P. 37(f). Respondent's argument assumes, without any explanation, that relief from the burdens of an appeal bond could not be obtained through the ordinary appeal process—even assuming such relief were war-

---

**5.** Although the Denver County Court was handling this case, the Colorado Municipal Court Rules of Procedure are applicable to "all municipal charter and ordinance violation cases." C.M.C.R. 201.

**6.** The authorization for superior courts in Colorado was repealed effective November 14, 1986, and all cases were to be transferred to district courts. *See* § 13–7–112, 6 C.R.S. (1986). Therefore, appeals from the county court now do go to district court. *See* § 13–6–310, 6 C.R.S. (1973 & 1986 Supp.).

ranted.[7]  As a general matter, a district court has no jurisdiction to interfere with the appeal process between the county and superior courts. *Petry v. County Court,* 666 P.2d 1125, 1126 (Colo.App.1983). § 13–7–102, 6 C.R.S. (1973).[8]

Accordingly, we conclude that the district court was without jurisdiction under C.R.C.P. 106(a)(4) to review the sentence imposed on the respondent.  Since the district court had no jurisdiction, the court of appeals was likewise without jurisdiction. *County Court v. Ruth,* 194 Colo. 352, 355, 575 P.2d 1, 2 (1977); *Zaharia v. County Court,* 673 P.2d 378, 379 (Colo.App.1983).

The judgment of the court of appeals is reversed and the case is remanded to the court of appeals with directions to remand to the district court for dismissal of the C.R.C.P. 106(a)(4) proceeding.

---

**7.** It is perhaps notable that the respondent was originally permitted to stay imposition of his jail sentence in this C.R.C.P. 106 action on the condition that he post a $250 personal recognizance bond.  In September 1982, however, the respondent failed to show up for a hearing because, according to his attorney, "he was afraid that he was going to be incarcerated at that time, and ... decided to leave the state." At a hearing on April 1, 1983, after the respondent returned, the court required him to post a $250 bond.  At that time, however, respondent was in jail in connection with a separate matter and the court offered to reconsider a personal recognizance bond if he were released.  In October 1983, when the final hearing before the district court was held, the respondent was still in custody in connection with an unrelated matter.

**8.** The Denver City Attorney appealing on behalf of petitioner did not argue before the court of appeals that the district court lacked jurisdiction under C.R.C.P. 106.  However, this does not constitute a waiver of that contention.  The general rule is that the question of subject matter jurisdiction may be raised at any stage of an action. *Peaker v. Southeastern Colorado Water Conservancy District,* 174 Colo. 210, 213, 483 P.2d 232, 233 (1971).